## SUPERIOR COURT.

CUSHMAN agt. J. & A. C. MARTINE, and E. H. GOULD.

To render an appeal, from a judgment of a court at general term, to the court of
   appeals, a stay of all proceedings upon the judgment appealed from, a copy of
   a proper undertaking must be served with the notice of appeal.

Filing and service of a copy of an undertaking on a day subsequent to that on
   which the notice of appeal was served, will not operate as a stay.

The court which rendered the judgment appealed from will not, on such a state
   of facts, order proceedings stayed pending the appeal.

It will not so order unless the proceedings upon 'appeal are amended and valid-
   ated upon a motion made for the purpose, and with the assent of the sureties
   in the undertaking.

*Special Term, Dec.,* 1856.

THE plaintiff recovered a judgment in this court against *James Martine.* He appealed to the general term of the court. The other two defendants united with him, in an undertaking given on such appeal: the undertaking being one to pay the judgment if affirmed, and the costs of the appeal. The judgment was affirmed by the general term on the 11th of November, 1856, and thereupon this action was brought against the three defendants, as parties to the said undertaking.

The defendant James Martine now moves for an order staying all proceedings in this action, on an affidavit that he has appealed from the judgment of the general term to the court of appeals, and given the requisite undertaking to effect a stay of all proceedings on the judgment appealed from.

The motion is resisted on papers showing that, after this action was commenced, the defendant James Martine, on the 11th day of December instant, served on the plaintiff's attorney a notice of appeal to the court of appeals, but did not serve with it a copy of any undertaking. On the 17th of December instant, the defendant James Martine served on the plaintiff's attorney a copy of an undertaking, proper in form, to stay pro-

ceedings upon the appeal to the court of appeals, with notice that the original undertaking had been filed, on that day, with the clerk of this court. The undertaking is dated the 16th of December, 1856, is not executed by the appellant, but is executed by two sureties, and recites the recovery of a judgment, in this court, on the 11th of November, 1856, by the plaintiff, against James Martine, and that the latter "*intends* to appeal therefrom to the court of appeals."

R. REED, *for defendants.*
A. J. PERRY, *for plaintiff,*

Insisted that there was no valid appeal, as a copy of a proper undertaking was not served with the notice of appeal; that the undertaking should be executed by the appellant as well as his sureties.

BOSWORTH, Justice. The Code declares, that to render an appeal *effectual for any purpose,* a written undertaking must be executed on the part of the appellant, &c. (§ 334.) It also requires a copy of this undertaking to be served on the adverse party, with the notice of appeal, (§ 340,) and the original to be filed with the clerk with whom the order or judgment appealed from was entered. (§ 343.)

Sections 334 and 340, taken together, import that an appeal is ineffectual for any purpose unless the notice of appeal and a copy of the undertaking are served, at the same time, on the adverse party. Section 334 enacts that an appeal shall be of no force or effect whatever until the prescribed undertaking has been *executed,* &c. The execution of an undertaking imports and includes a *delivery* of it. Sections 340 and 334 prescribe what shall constitute a delivery of it. It is delivered by filing the original, and serving a copy of it : and § 340 is peremptory that the copy shall be served with the notice of appeal.

If the filing of an undertaking, and service of a copy of it, subsequent to the service of notice of appeal, would make the appeal effectual from the time a copy of the undertaking was

served, and operate as a stay of proceedings from that time, then this absurdity would follow : the respondent must except to the sufficiency of the sureties, " within ten days after the *notice* of the appeal." (*Code*, § 341.)

If a copy of the undertaking may be served six days after the notice of the appeal, it may be served twelve days thereafter, and after, it will be too late to except to the sufficiency of the sureties.

It is quite clear, that the proceedings taken by the appellant are not sufficient to effect a stay of proceedings upon the judgment appealed from. (*The N. Y. Central Insurance Co.* agt. *The National Protection Insurance Co.*, 10 *How. Pr. R.* 344.)

The defendants do not ask an amendment of the proceedings taken on the appeal. There is nothing before the court, on this motion, authorizing the court to make any order to validate the proceedings. Section 327 would justify the court in amending, on an application showing that the proceedings taken were taken in good faith, and that the failure to comply with the Code resulted from mistake.

The plaintiff should not be required by the court to rely on this undertaking, and submit to a stay of proceedings, unless a motion to amend, is made with the consent of the sureties.

In a case like this, I doubt the propriety of even such an order. The undertaking, by its terms, is executed to enable an appeal to be taken subsequent to its date, and not to render an appeal effectual, the notice of which had been previously given. It is as easy to give a new notice of appeal and serve a copy of the undertaking with it, as to move for leave to amend. If the former course be pursued, the plaintiff will have a valid security in the undertaking. If the latter course be taken, although the security may be held to be valid under some order entered to cure existing defects, yet it may require the delay and expense of a new litigation to obtain such a judgment. There being ample time to serve a new notice of appeal, I think the appellant should be required to serve one, and to serve with it a copy of a proper undertaking.

This motion is denied, with $7 costs; but the proceedings, and entry of an order hereupon, will be. stayed until, and including the 30th, to admit of new service of notice of appeal, and of a copy of the undertaking with it.