Smith agt. Heermance.

## SUPREME COURT.

### THOMAS H. SMITH and others agt. ROBERT HEERMANCE and others.

On an appeal from a judgment of the special term to the general term, the same *undertaking* is required in order to *stay proceedings*, as on an appeal from the general term to the court of appeals. (*Code*, §§ 334–338.)

By the 340th section, this undertaking, in order to operate as a *stay*, must be *filed and served with the notice of appeal*, not afterwards.

Where the proper *undertaking*, in form to stay proceedings on an appeal from a judgment of foreclosure at special term, was served and filed some time after the service of the notice of appeal, which was returned on the ground that it was not served in time, and was not in due form, and thereupon the defendant made a special motion to stay the proceedings, founded on such undertaking; which was denied on the ground that the motion was unnecessary, as the plaintiff's proceedings were already stayed by the undertaking, from the time of service, and the plaintiff thereupon proceeded and sold the premises,

*Held*, on a motion to confirm the report of sale, that under such a misapprehension at special term, of the effect of the undertaking, the sale be vacated upon terms, and the proceedings be stayed until the decision upon appeal.

*Albany Special Term, February*, 1859.

MOTION to confirm report of sale under judgment of foreclosure.

The action was brought to foreclose two mortgages. Judgment was rendered on the 27th of July, 1858. The amount due upon the mortgages was $3,240.90. The costs were taxed at $284.28. The judgment directed that the mortgaged premises be sold, and that these sums, with the interest, be paid out of the proceeds. On the 23d of August, the defendant, Robert Heermance, served upon the plaintiffs' attorney a notice of appeal to the general term. No order to stay proceedings or undertaking was served with the notice of appeal.

Subsequently, the plaintiffs' attorney caused the mortgaged premises to be advertised for sale. The sale was to take place on the 15th of November. On the 9th of November, the

plaintiff's attorney received a copy undertaking from the attorney for the defendant Heermance, which he declined to receive. It was returned with the objection that it was served too late, and also on the ground of some objections to its form. The attorney for the defendant Heermance then gave notice of a motion founded upon the undertaking, to be made on the last Tuesday of November, for a stay of the proceedings upon the judgment, until the determination of the appeal. The sale was thereupon adjourned until the 4th of December. The motion to stay proceedings was denied, on the ground, as appears from a memorandum upon the papers made by the judge who held the special term, that, upon an appeal from a special term to the general term, an undertaking, if in due form, stays proceedings from the time of service, and that an order staying proceedings was, therefore, unnecessary.

The plaintiffs' attorney, still insisting that the undertaking, not being served with the notice of appeal, did not operate as a stay of proceedings, proceeded to sell the mortgaged premises on the 4th of December. Upon such sale the plaintiff became the purchaser, for the sum of $3,000. The sheriff having made his report of the sale, this motion was made to confirm such report.

In opposition to the motion, the undertaking, which had been served in November, was produced, from which it appears that the appellant and two sureties, each of whom had justified in due form in the sum of $1,500, had undertaken that the appellant would pay all costs and damages which might be awarded against him upon the appeal, not exceeding the sum of $250, and that, during the possession of the premises by the appellant, he would not commit, or suffer to be committed, any waste thereon, and that, if the judgment be affirmed, the appellant would pay the value of the use and occupation of the premises from the time of the appeal until the delivery of the possession thereof, pursuant to the judgment, not exceeding five hundred dollars, that sum having been fixed by a judge of the supreme court, pursuant to the 338th section of the Code. And further, that, in case of any deficiency arising

upon a sale of the premises, the appellant would pay such deficiency.

The value of the premises sold, according to an affidavit produced on the part of the defendant, was about $4,500.

W. C. BENTON, *for plaintiff.*
H. W. McCLELLAN, *for defendant.*

HARRIS, Justice.   The regularity of the sale depends upon the question, whether the undertaking, executed as it was in November, operated to stay the proceedings upon the judgment from which an appeal had been taken in August.   It is declared by the 348th section of the Code, that an appeal from a judgment, entered upon the direction of a single judge to the general term, does not stay the proceedings upon such judgment, unless security be given as upon an appeal to the court of appeals, or the court or a judge thereof shall so order.   No such order was made.   It is necessary, therefore, to inquire whether the appellant has, in this case, "given security as upon an appeal to the court of appeals."

In all cases upon an appeal to the court of appeals, security must be given in the manner prescribed by the 334th section of the Code, for the payment of costs and damages.   In case of a judgment of foreclosure, if the appellant would have proceedings stayed, he must also give the security prescribed by the 338th section.   The security required by these two sections may be united in the same undertaking.

In this case, therefore, the judgment being for the foreclosure of a mortgage, the undertaking to operate, as a stay of proceedings, must be conformable to the provisions of both the 334th and the 338th sections of the Code.   In form it is thus conformable.   But it is also declared by the 340th section, that a copy of such undertaking must be served on the adverse party with the notice of appeal.   Under this section it has been held by the court of appeals, that an undertaking which is filed after the notice of appeal does not stay the proceedings.   (*See New York Central Insurance Co.* agt. *Safford,* 10 *Howard,* 344;

*Mills* agt. *Thursby*, 11 *How.* 139; *Cushman* agt. *Martin*, 13 *How.* 402.) It is clear, therefore, that had this appeal been from the judgment of a general term to the court of appeals, the security would not have been sufficient to stay the proceedings, for the reason that the undertaking was not filed and served in time. As the same security is required, in order to stay proceedings, upon a judgment rendered upon the direction of a single judge, when the appeal is to the general term, it seems to follow that the requirements of the 340th section of the Code are also applicable to such an appeal, and that, to render the appeal effectual as a stay of proceedings, a copy of the undertaking must be served with the notice of appeal. The plaintiffs' proceedings were, therefore, regular. The service of a copy of the undertaking, after the notice of appeal had been served, did not of itself operate to stay their proceedings.

And yet it appears that when the appellant, assuming that the plaintiffs' proceedings were not stayed, applied to the court for an order to that effect, as he was authorized to do by the 348th section of the Code, the court, misapprehending the effect of what the appellant had done, denied the application, solely upon the ground that it was unnecessary, the plaintiffs' proceedings being, as it was held, already stayed. It cannot be doubted, I think, that, but for this misapprehension, the plaintiffs' proceedings would have been stayed until the determination of the appeal.

Under these circumstances, the proper disposition of the matter is to vacate the sale, and to direct that, upon payment of the costs of all proceedings subsequent to the judgment, to be taxed by the clerk of Rensselaer, and the costs of this motion, and serving upon the plaintiffs' attorney a copy of the undertaking, which has been executed and filed, all further proceedings upon the judgment in this action be stayed until the determination of the appeal. An order will, therefore, be entered to this effect.