SAMUEL R. RAYMOND, Assignee, etc., Respondent, v. HENRY E. RICHMOND, Sheriff, etc., Appellant.

Under the Code of Civil Procedure (New Code, § 1300), a notice of appeal to this court may be served before any undertaking has been executed, and the undertaking may be given at any time before the expiration of the time for appealing (§ 1334); but the notice does not become effectual for any purpose until the undertaking has been given (§ 1326).

A regular notice of appeal had been served herein, and an undertaking given which was not in compliance with the statute, and so was a nullity, a return was made and the cause put upon the calendar. The appellant moved to strike the cause from the calendar; the respondent moved to dismiss the appeal. *Held*, that the case must be treated as if only a notice of appeal had been served; that, as this was regular, it could not be set aside, and as there was no undertaking there was no appeal to dismiss, no return could properly be made, and the cause was not properly upon the calendar; appellant's motion, therefore, granted, and respondent's denied.

(Argued January 21, 1879; decided January 23, 1879.)

MOTION on the part of the appellant to strike the cause from the calendar, and cross motion on the part of respondent to dismiss the appeal.

The papers disclosed that judgment was perfected herein upon decision of the General Term, November 6, 1878; that a notice of appeal to this court was served December 18, 1878,

with a copy of undertaking, the original of which was filed. The papers were returned by respondent's attorneys, upon the ground that the undertaking was defective, in that it did not conform to the requirements of the statute. The respondent's attorney caused a return to be made and filed, noticed the same for argument, and the cause was put on the calendar. The appellant's attorney returned the notice of appeal, with an indorsement, to the effect that no appeal had been perfected, and the cause was improperly on the calendar.

Both motions were based upon the ground that the undertaking filed, was not made in compliance with the statute, and was a nullity.

*George E. Ripson*, for appellant. To render an appeal effectual for any purpose an undertaking must be given. (*Langley* v. *Langley*, 1 N. Y., 606; *Kelsey* v. *Campbell*, 38 Barb., 238; *Dresser* v. *Brooks*, 5 How., 75.) Where a notice of motion has been served, and the proper undertaking perfected, the case is so far removed from the subordinate court that no application in the case can be entertained. (*Adams* v. *Fox*, 27 N. Y., 641.)

*Per Curiam.* Under the Old Code, in order to perfect an appeal to this court, it was necessary that the requisite undertaking should be executed before the notice of appeal was served, because section 340 required that a copy of the undertaking should be served with the notice of appeal.

Under the New Code, the notice of appeal may be served before any undertaking has been executed. (§ 1300.)

In such case the notice is one of the steps in the process of appealing, but it does not become effectual for any purpose until an undertaking has been given. (§ 1326.) The undertaking may be given at any time before the expiration of the time for appealing, and section 1334 provides that a copy thereof " must be served with the notice of appeal, or before the expiration of the time to appeal." Here the undertaking given was not a compliance with the statute,

and is now claimed by both parties to have been a nullity. The case must then be treated as if nothing but the notice of appeal had been served. That was regular, and cannot be set aside. As there was no undertaking, there was no appeal, and the return could not properly be made to this court, and the cause could not properly be placed upon the calendar, and there is no appeal to dismiss.

The result is that appellant's motion to strike the cause from the calendar, must be granted, and respondent's motion must be denied, with ten dollars costs.

All concur.

Ordered accordingly.