## ANTON MARTIN
### v.
## SIGMUND HOCHSTADTER ET AL.

*Practice—Appeal from Justice—Affidavit of Merits—When to be filed—Joinder in Error—Jurisdiction.*

1. Where an action commenced before a justice with an affidavit of claim is appealed to the Circuit Court, the defendant is not required to file an affidavit of merits until the cause is reached for trial.

2. Where the appellee has joined in the errors assigned, this court has jurisdiction, although the appeal might have been confined to narrower issues.

Martin v. Hochstadter.

[Opinion filed August 1, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. C. C. BOGGS, Judge, presiding.

Mr. ALLAN C. STORY, for appellant.

Messrs. HOFHEIMER, ZEISLER & ROSENBERG, for appellees.

GARNETT, J.    In this action, which was commenced before a justice of the peace by appellees against appellant, there was an affidavit of claim filed with the justice in pursuance of section 34, Chap. 79, of the Revised Statutes, and judgment for $150.80 and costs was rendered in favor of the plaintiffs, from which the defendant appealed to the Circuit Court. The appeal bond was filed in the office of the clerk of said court June 29, 1886, and on July 9, 1886, the justice transmitted to that court the transcript and papers in the cause.

The appearance of the plaintiff was entered in the Circuit Court on July 9, 1886, and that of the defendant on June 29, 1886. On August 18, 1886, that being the third day of the August term, the defendant's default was entered for want of an affidavit of merits and judgment rendered against him. On October 1, 1886, that being in the September term of the court, the defendant moved the court to vacate the default and judgment. The motion was denied and exceptions taken by defendant, who brings the record to this court and assigns as error, not only the overruling of the motion, but the entry of the judgment for want of an affidavit of merits. The appeal would only have brought before this court the order of the Circuit Court denying the motion, had the appellees taken the necessary steps to confine it to that question. But they have, without objection, practically joined in the errors assigned by filing their brief and argument without insisting upon that point, and that gives this court jurisdiction to inquire into the propriety of the judgment itself. Danforth v. Perry, 20 Ill. App. 130.

Section 34, Chap. 79, enacts that if the plaintiff in any suit

on a contract for the payment of money shall file with the justice at the time of commencing such suit an affidavit showing the nature of his demand and the amount due him, after allowing all just deductions, credits and set-offs, he shall be entitled to judgment in case of default, but the justice may require further evidence, provided, "that in case of appeal from the judgment of the justice of the peace, as aforesaid, such affidavit shall have the same force and effect in the appellate court as if such suit had been commenced in such appellate court."·

To ascertain what force and effect is intended to be given, in case of appeal, to the plaintiff's affidavit of claim, it is necessary to refer to Sec. 37, Chap. 110, of the Revised Statutes. The cases there provided for are those requiring written pleadings. The plaintiff's affidavit in such cases is to be filed *with* his declaration, and the defendant's affidavit *with* his plea. In no case is the affidavit required to be filed before the time to plead has arrived. The pleadings before a justice of the peace are oral. When the cause is appealed to the Circuit Court there is no change in the pleadings; they are still oral and the cause is to be heard *de novo*.

The question is, in case of appeal from the justice where the plaintiff has duly filed his affidavit of claim, *when* must the defendant file his affidavit of merits.

Not before the justice, because the statute makes no provision for that officer to receive it either before or after judgment. It would be unjust to require him to file it at the time when the transcript is filed with the clerk of the Circuit Court, because the justice has twenty days to send up the transcript. He may send it the day of the appeal or the tenth day after, but the defendant has no means of knowing when it will be filed. The law should be very plain before we could require of a party to such a suit so unreasonable a duty as continuous watching, during so long a period, for the filing of the transcript.

Neither Sec. 34, Chap. 79, nor Sec. 37, Chap. 110, requires in terms that the affidavit of merits shall be filed at any specified term. A reasonable interpretation must be given these

two sections which are thus, to some extent, blindly inter-woven. As in case of an action commenced in the Circuit Court where written pleadings are required, the defendant may defer filing his affidavit until he is obliged to file his plea, so in case of appeal from a justice the intention was to give the defendant the right to file his affidavit when the time comes for him to plead. His plea is oral and is made when the cause is reached for trial. His affidavit is due then and not before. If he fails to file it, judgment may be rendered on the plaintiff's affidavit of claim without further proof.

The court erred in rendering the judgment for want of an affidavit of merits, and for that error the judgment will be reversed and remanded.

*Reversed and remanded.*