## A. B. Barnes
## v.
## Wesley Sisson.

44  397
54  436

*Master and Servant—Recovery of Wages—Practice.*

1. There is in all contracts of employment requiring skill, an implied undertaking that the party employed to do such work has, and will use, the skill and knowledge requisite for the employment.

2. If a thing is ordered of a manufacturer for a special purpose, and it be supplied and sold for that purpose, there is an implied warranty that it is fit for the use intended.

3. In the case presented, this court holds that the defendant was not required to file an affidavit of merits until the cause was reached for trial.

4. In an action brought to recover for labor rendered in writing a play, it is proper to admit evidence going to show that the work was not properly done.

[Opinion filed May 3, 1892.]

Appeal from the Circuit Court of Cook County; the Hon. S. P. McConnell, Judge, presiding.

Mr. Josiah Burnham, for appellant.

Mr. William H. Sisson, for appellee.

Waterman, P. J.    It is contended by appellee that appellant was in default when this case was tried.

If this were so, still, appellant, the defendant below, had a right to introduce evidence tending to reduce the amount of damages claimed, while he would have no right to give evidence merely by way of set-off.  The Town of South Ottawa v. Foster, 20 Ill. 296; Cook v. Skelton, 20 Ill. 107. Appellant was not required to file an affidavit of merits until the cause was reached for trial.    Martin v. Hoch-

stadter, 27 Ill. App. 166; World's Soap Co. v. Woltz, 27 Ill. App. 302; Jensen v. Fricke, 35 Ill. App. 23; Reid v. Cisler, 35 Ill. App. 572.

The action being to recover an agreed price for writing a play, to be performed at the Auditorium in Chicago, for the benefit of the Waif's Mission, appellant offered to show that the play written by appellee was of such a character that a successful performance of it was impossible, and that the manuscript had to be re-written.

There is in all contracts of employment requiring skill, an implied undertaking that the party to do such work has and will use the skill and knowledge requisite for the employment. 2 Parsons on Conts., 54.

If a thing is ordered of a manufacturer for a special purpose, and it be supplied and sold for that purpose, there is an implied warranty that it is fit for the use intended. 1 Parsons on Conts., 587.

The evidence offered was of a character that would have tended to show that the plaintiff had not fulfilled his contract and was not therefore entitled to the agreed price. It ought to have been admitted.

The judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*