Furness v. Helm.

---

George M. Furness v. H. T. Helm and E. A. Aborn.

1. PRACTICE—*Failure to File Affidavit with Plea, etc.*—On the trial in the Circuit Court of an appeal from a justice of the peace, the plaintiff having filed an affidavit of his claim before the justice, the defendant, although he files no affidavit of merits, is still entitled to make any defense going only to reduce the damages.

Memorandum.—Assumpsit in justice's court. Appeal from the Circuit Court of Cook County; the Hon. Thomas G. Windes, Judge, presiding. Heard in this court at the March term, 1894. Reversed and remanded. Opinion filed June 18, 1894.

Cruikshank & Atwood, attorneys for appellant.

H. T. Helm and E. A. Aborn, *pro se.*

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

In half a dozen cases, see them collected in Barnes v. Sisson, 44 Ill. App. 327, this court has had before it questions relating to affidavits by defendants on appeal from justices of the peace. In this case a new one is presented.

The plaintiffs having filed before the justice an affidavit of claim, may the court dismiss the appeal, if the defendant files no affidavit of merits when the case is called for trial?

In effect the question is answered in the negative in the case cited, for it was there held that the defendant was entitled, without any affidavit, to make any defense going only to reduce damages. This right is cut off by dismissing the appeal.

The statute in effect provides that before the justice, the plaintiff's affidavit, in case of default by the defendant, shall be *prima facie* evidence of the amount due him, and " that in cases of appeal from the judgment of the justice of the peace, as aforesaid, such affidavit shall have the same force and effect in the ·Appellate Court as if said suit had been commenced in such Appellate Court." Sec. 34, Ch. 79, Justices. In the Appellate Court the affidavit of the plaintiff has two distinct effects : one is to prevent the defendant from putting in a plea unless " he shall file with his plea an affidavit." Sec. 37, Ch. 110, Practice. The Supreme Court in effect held in Goldie v. McDonald, 78 Ill. 506, that " with " as to the plaintiff's affidavit, was used in the statute in the sense of Webster's·second definition, " to denote association in respect of situation or environment " not simultaneous happening. Whatever meaning " with " has in one part of the section it should have in the other. Now, in the " Appellate Court," the defendant can not " file with his plea an affidavit," because he does not file a plea at all. As no plea is filed, nothing can be filed " with " it.

Upon like reasoning we held in Morgan v. Campbell, No. 5023, that on appeal the defendant could not have an affirmative judgment or a set-off if the plaintiff did not appear when the case was called for trial, but could only have a non-suit.

Under Sec. 38 Ch. 110, Practice, the plaintiff's affidavit

is in the "Appellate Court," as in the justice court, *prima facie* evidence for the plaintiff in case of default of the defendant, and this seems to be all that was intended by the legislature.

The attention of the court has not before been directed to this aspect of the question. It has heretofore been assumed without much consideration, that to defend, the defendant must file an affidavit, but the question was never the ground of decision. Martin v. Hochslanter, 27 Ill. App. 166.

The judgment is reversed and the cause remanded.