## BONNELL v. VAN CISE.

1. Comp. Laws, Sec. 5215, provides that an appeal must be taken by service of notice, and perfected on service of the undertaking for costs, or a deposit of money instead, or a waiver thereof. Sec. 5219 provides that, to render an appeal effectual for any purpose, an undertaking must be executed, or a deposit, with service of notice, or waiver thereof, made. Sec. 5231 provides that the undertaking must be filed, and a copy thereof served with the notice of appeal. *Held,* that where the notice of appeal was served on the adverse party and on the clerk, and was duly filed, but no undertaking executed, or deposit made, or waiver thereof, as prescribed, the appeal was a nullity.

2. Comp. Laws, Sec. 5219, makes an undertaking, or a deposit in lieu thereof or a waiver, an essential requisite of an appeal. *Held,* that an offer of waiver by an appellee, refused by the appellant, will not confer jurisdiction on the appellate court.

(Opinion filed June 3, 1896.)

Appeal from circuit court, Lawrence county. Hon. A. J. PLOWMAN, Judge.

Action by E. E. Bonnell against Edwin Van Cise, administrator. Defendant had judgment, and plaintiff appealed. Respondent moves to dismiss the appeal. Denied.

*G. C. Moody* and *W. S. Elder,* for appellant.

*Edwin Van Cise,* for respondent.

CORSON, P. J. This is a motion by the respondent to dismiss the appeal in this case upon the grounds that the appeal has not been perfected, no record filed in this court, and no abstract or brief filed or served. It appears from the affidavits read on the hearing that in February, 1896, the plaintiff and appellant served a notice of appeal on the adverse party, and upon the clerk of the court, and filed the same in the office of the clerk of the court, and that no undertaking for costs has been executed, no deposit of money for the costs made, and no stipulation waiving the same was made prior to the service of notice of this motion. It further appears that, at the time of the service of the notice of appeal, counsel for appellant re-

quested counsel for respondent to waive the undertaking or deposit, which he then declined to do. It further appears that no abstract or brief has been served or filed, and that the record has not been transmitted to this court. On May 13th, at the time the notice of this motion was served, the respondent served an affidavit in which he makes the following offer: "And affiant expressly waives, in writing, the giving or serving of any undertaking whatever in this appeal, to the end that he may bring the same before this court at this time, and have a final disposition made thereof." This offer appellant declined to accept. The counsel for appellant resists the motion to dismiss the appeal upon the ground that, as the appeal has not been perfected in the manner prescribed by the statute, this court has no jurisdiction to make any order in the premises; and he contends that, until an undertaking for costs has been given, money deposited, or the same waived, the appeal is not perfected, and the case is not in this court. The counsel for the respondent contends that by the service of the notice of appeal upon the proper parties the appeal was taken, and this court thereby acquired jurisdiction. He further contends that, if the court did not so acquire jurisdiction by virtue of the service of the notice of appeal, it acquired jurisdiction when the waiver was made, and has now the power to dismiss the appeal.

As the question is an important one, and has never been directly decided by this court, we deem it proper to determine what is required to transfer a case from the trial court to this court, and when this court acquires jurisdiction of the same. To do this it will be necessary to examine the provisions of our statute upon the subject of appeals. Sec. 5215, Comp. Laws, provides that an appeal must be taken by serving a notice of appeal upon the adverse party and on the clerk of the court. The section then provides: "The appeal shall be deemed taken by the service of the notice of appeal, and perfected on service of the undertaking for costs, or the deposit of money

instead, or the waiver thereof as hereinafter prescribed." Sec. 5218 prescribes the manner of making the deposit and serving notice of the same, and of the waiver of the same. The important section is 5219, which provides that "to render an appeal effectual for any purpose, an undertaking must be executed," etc. While not so specifically stated, in terms, in the section, the deposit, with service of notice of the same, or waiver, as prescribed in the preceding section, will have the same effect as the execution and service of the undertaking prescribed in Sec. 5219. Sec. 5231 is another important section. That provides that the original undertaking must be filed with the notice of appeal, and a copy served with the notice of appeal. "If a deposit is made instead of the execution of an undertaking, notice of such deposit must be served with the notice of appeal." Sec. 5218. What is required in case the undertaking and deposit are waived is not specified, but undoubtedly the better practice would be to file the stipulation of waiver with the clerk, with the notice of appeal.

Four acts seem to be required in order to take and perfect an appeal: First, the service of notice of the appeal upon the adverse party; second the service of the notice of appeal upon the clerk of court, third, service of a copy of the undertaking, or notice of the deposit of money with the clerk of the court, upon the adverse party, with the notice of appeal; fourth, filing the notice of appeal and the original undertaking, or notice of deposit, with the clerk of the court. The service of the notice of appeal upon the adverse party and the clerk of the court, and filing the same with the clerk, if we are to give effect to the language of Sec. 5219, will not be sufficient to remove the case to this court, or give this court jurisdiction of the same. If, to render the appeal effectual for any purpose, there must be an undertaking executed on the part of the appellant, or a deposit of money, or waiver of the same, then it neccessarily follows that the service of the notice of appeal is only one of

the steps in the process of taking an appeal, and without the execution of an undertaking, deposit of money, or waiver of the undertaking and deposit, it would be of no avail in transferring the case to this court, and would not confer jurisdiction upon this court.  Sec. 5219 of the statutes of this state is an exact copy of Sec. 334 of the old Code of Civil Procedure of New York, so far as the question we are now considering is involved. That section has received a construction by both the supreme court of that state and the court of appeals.  In Kelsey v. Campbell, 38 Barb. 238, the supreme court uses the following language;  "But this latter section [334] declares in very emphatic language, that, to render an appeal effectual for any purpose, a written undertaking must be executed on.the part of the appellant, with a least two sureties, to the effect," etc, "or the sum mentioned in the section must be deposited with the clerk.  *  *  *  An appeal without an undertaking amounts to nothing, and accomplishes nothing, for the section requiring an undertaking declares that without it the appeal shall not be effectual for any purpose.  An appeal which is not effectual for any purpose is a nullity.  It effects nothing.  It makes no change whatever in the proceedings, but leaves them in the same condition as they were before the notice of appeal was given.  This is too plain for argument."  And in Raymond v. Richmond, 76 N. Y. 106, the court of appeals says:  "In such case the notice is one of the steps in the process of appealing, but it does not become effectual for any purpose until an undertaking has been given.  *  *  *  Here the undertaking given was not a compliance with the statute, and is now claimed by both parties to be a nullity.  The case must then be treated as if nothing but the notice of appeal had been served. That was regular and cannot be set aside.  As there was no undertaking, there was no appeal; and the return could not be properly made to this court, and the cause could not be properly placed upon the calendar, and there is no appeal to dismiss."

It is clear, therefore, that there was no appeal in this case in this court to be dismissed, unless the offer of respondent to waive an undertaking or deposit, in his affidavit of May 13th, has the effect to perfect the appeal. That offer, not accepted, but declined, by the appellant at the late date at which it was made, can hardly have such effect. It would. be rather an anomalous proceeding of the appellant to be forced into this court on appeal by the respondent, without his consent. The party may have the right to appeal, but a respondent cannot compel him to exercise that right against his will. An unaccepted offer to waive the undertaking and deposit, therefore, will not, in our view, have the effect to bring the appeal into this court. We have not overlooked the provisions contained in Sec. 5235, which authorizes this court, or the court from which the appeal is taken, to permit amendments, or omitted acts to be done, in order to perfect the appeal; but we express no opinion as to the effect of this section, as no application has been made to this court under its provisions. The motion to dismiss the appeal must be denied, upon the ground that, the appeal not having been perfected by the execution of an undertaking for costs, deposit of money, or a waiver of the same, this court has not acquired jurisdiction of the case, and that there is therefore no appeal in this court to be dismissed. Motion to dismiss appeal is denied.