## L. Robien v. John Kooie, for use, etc.

1. PRACTICE—*Error to Enter Default and Judgment for Want of an Affidavit of Merits Before the Case is Reached for Trial.*—It is error to enter default and judgment for want of an affidavit of merits before the case is reached for trial. Under the practice act the plaintiff's affidavit is to be filed with his declaration and the defendant's affidavit with his plea. In no case is the affidavit required to be filed before the time to plead has arrived.

Assumpsit.—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902, Reversed and remanded. Opinion filed March 17, 1903.

Statement.—This is an action of assumpsit, commenced before a justice of the peace. An affidavit of plaintiff's claim was filed before the justice; a judgment was rendered for $200, from which appellant appealed to the Circuit Court. The appeal bond was filed with and approved by the clerk of said court, September 5, 1901, and on September 12, 1901, the transcript, summons and affidavit of plaintiff's claim were filed.

It appears from a supplemental record that appellee entered his appearance October 5, 1901. October 24, 1901, appellee moved the court to enter a judgment by default against appellant for failure to file an affidavit of merits as required by statute, and thereupon the court entered judgment by default against the appellant for $200 and costs.

F. L. SALISBURY, attorney for appellant.

BEAUREGARD F. MOSELEY, attorney for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

The filing of the supplemental record in this court disposes of the contention that the court was without jurisdiction, because appellee had not entered his appearance.

The sole question remaining to be considered on this appeal is, did the court err in entering default and judgment for want of an affidavit of merits? It appears that an

affidavit of plaintiff's claim had been filed before the justice of the peace, and refiled with the transcript and other papers from the justice, more than ten days prior to the first day of the October term of the Circuit Court, at which term the judgment in question was obtained. At the October term a default order against the defendant was taken for failure to file an affidavit of merits. Appellee, to sustain the action of the court in entering default for want of an affidavit of merits, invokes the thirty-eighth section of chapter 79 of the Revised Statutes, which is as follows:

" If the plaintiff in any action upon a contract, expressed or implied, for the payment of money, shall file with the justice at the time of commencing such action an affidavit showing the nature of his demand and the amount due him from the defendant, after allowing to the defendant all his just deductions, credits and set-offs, if any, he shall be entitled to judgment in case of default, but the justice may require further evidence. In cases of appeal from the judgment of justice of the peace, as aforesaid, such affidavit shall have the same force and effect in the Appellate Court, as if such action had been commenced in such Appellate Court."

Counsel for appellee refers to many cases which consider the effect of a failure to file an affidavit of merits with a plea, but in a case commenced before a justice of the peace and appealed to the Circuit Court the defendant is not required to file a plea; hence, section 37 of chapter 110, practice act, and the cases arising thereunder, can have no relevancy to the case before us. Under the practice act the plaintiff's affidavit is to be filed with his declaration and the defendant's affidavit with his plea. In no case is the affidavit required to be filed before the time to plead has arrived. The pleadings before a justice of the peace are oral. When the cause is appealed to the Circuit Court there is no change in the pleadings. They are still oral and the cause is to be heard *de novo*. Not until there is default does the affidavit of claim have any force or effect in the Appellate (Circuit) Court. Until a case appealed from the justice is called for trial, there can be no default for failure to file an affidavit therein. It therefore

follows that the court erred in entering default and judgment, for want of an affidavit of merits before the case was reached for trial.    Martin v. Hochstadter, 27 Ill. App. 166; Reid v. Cisler, 35 Ill. App. 572.

For the error pointed out, the judgment of the Circuit Court will be reversed and the case remanded.