## W. E. BEDDOW v. FRED C. FLAGE.

### (126 N. W. 97.)

**Appeal and Error — Failure to Serve Undertaking with Notice — Permission to File Later.**

Appellant served notice of appeal on March 1, 1909, but did not serve the undertaking on appeal until twenty-three days later. Both were filed with the clerk of the district court on March 26th. Respondent moves to dismiss the appeal for failure to serve a copy of the undertaking with the notice of appeal as required by § 7220, Rev. Codes 1905.

*Held*, that such failure is not jurisdictional, and that the facts present a proper case entitling appellant to invoke the aid of § 7224, which provides:

"When a party shall in good faith give notice of appeal and shall omit through mistake or accident to do any other act necessary to perfect the appeal to make it effectual or to stay proceedings, the court from which the appeal is taken, or the presiding judge thereof or the supreme court, or any one of the justices thereof, may permit an amendment or the proper act to be done on such terms as may be just."

Appellant is accordingly permitted, on payment of $25 terms, to furnish a new undertaking or make a cash deposit as prayed for.

Opinion filed April 30, 1910.

Appeal from District Court, LaMoure county; *W. H. Winchester*, J.

Action by W. E. Beddow against Fred C. Flage. Judgment for plaintiff, and defendant appeals.

Motion to dismiss denied.

*C. W. Davis*, for motion.

*Knauf & Knauf* and *C. S. Buck*, opposed.

FISK, J. This is a motion by respondent for an order dismissing the appeal, the sole ground of the motion being that the undertaking on appeal was not served with the notice of appeal. The notice was served on March 1, 1909, and the undertaking on March 24, 1909. Both were filed in the office of the clerk of the district court at the same time,—March 26th thereafter. It is the contention of respondent's counsel that service of a copy of the undertaking, simultaneously with the service of the notice of appeal, is essential to the jurisdiction of this court. Such contention is manifestly very technical, and ought not to be upheld if the provisions of the appeal statute are susceptible of a more liberal and reasonable construction than that contended for by appellant. This precise question has never before arisen in this state, so far as we are aware, but in our sister state—South Dakota—statutory provisions similar to our own have been construed, and, as respondent's counsel contends, favorably to his view. Counsel cites and relies upon McConnell v. Spicker, 13 S. D. 406, 83 N. W. 435, and Morrison v. O'Brien, 17 S. D. 372, 97 N. W. 2. The case of McConnell v. Spicker does not support counsel's contention. It was squarely held in that case that it is not essential to the jurisdiction of the appellate court that a copy of the undertaking should be served with the notice of appeal, but what the court did hold is that the undertaking must be executed at the time the notice of appeal is served,

and if it is thus executed at said time the supreme court acquires jurisdiction of the appeal, even though the appeal may not be perfected by reason of noncompliance with the statute with reference to perfecting the appeal by doing any other act necessary to be done. The court expressly cites, with approval, the prior case of Mather v. Darst, 11 S. D. 480, 78 N. W. 954, wherein, among other things, it was said: "Counsel for respondents contended that the service of the undertaking upon the respondents presents a jurisdictional question, and that, in the absence of such service, this court has no jurisdiction of the appeal. In this contention, counsel are clearly in error. By § 5215, Comp. Laws, it is provided that 'the appeal shall be deemed taken by the service of the notice of appeal and perfected on service of the undertaking for costs.' And § 5219 provides, 'To render an appeal effectual for any purpose, an undertaking must be executed on the part of the appellant.' When the notice of appeal is duly served, and an undertaking executed, this court has jurisdiction of the appeal, although the appeal may not be perfected by the performance of all the acts specified in the statute. This is made clear by § 5235, which prescribes that 'when a party shall, in good faith, give notice of appeal and shall omit, through mistake or accident, to do any other act necessary to make it effectual . . . the supreme court, or any one of the justices thereof, may permit an amendment or the proper act to be done on such terms as may be just.' . . . The failure to serve the undertaking as prescribed in § 5231 does not therefore affect the jurisdiction of the court; and the service of the undertaking might now be allowed to be made, under the provisions of § 5235, if the motions had been made in time."

In Morrison v. O'Brien it was held, however, that the service of the copy of the undertaking with the notice of appeal is obligatory upon the appellant, and cannot be omitted without rendering the proceedings irregular and the appeal subject to dismissal upon motion, but that the failure to file the undertaking or serve a copy thereof with the notice of .appeal, when such failure is the result of mistake or accident, may be remedied under the provisions of § 461 of the South Dakota Code of Civil Procedure, which is the same as § 7224, Rev. Codes 1905, of this state.

The former Code of New York contained provisions relating to ap-

peals very similar, if not identical, with the Code of this state and of South Dakota, and the early decisions in New York seem to support to some extent, but not fully, the views announced by the South Dakota court. See Cushman v. Martine, 13 How. Pr. 402; Smith v. Heermance, 18 How. Pr. 261; New York Cent. Ins. Co. v. Safford, 10 How. Pr. 344; Raymond v. Richmond, 76 N. Y. 106. In Cushman v. Martine it was said: "Sections 334 and 340 [Code], taken together, import that an appeal is ineffectual for any purpose unless the notice of appeal and a copy of the undertaking are served, at the same time, on the adverse party. Section 334 enacts that an appeal shall be of no force or effect whatever until the prescribed undertaking has been executed, etc. The execution of an undertaking imports and includes a delivery of it. Sections 334 and 340 prescribe what shall constitute a delivery of it. It is delivered by filing the original and serving a copy of it; and § 340 is peremptory that the copy shall be served with the notice of appeal. If the filing of an undertaking, and service of a copy of it, subsequent to the service of notice of appeal, would make the appeal effectual from the time a copy of the undertaking was served, and operate as a stay of proceedings from that time, then this absurdity would follow: The respondent must except to the sufficiency of the sureties, 'within ten days after the notice of the appeal.' . . . If a copy of the undertaking may be served six days after the notice of appeal, it may be served twelve days thereafter, and after, it will be too late to except to the sufficiency of the sureties."

It seems to be the holdings of these cases that the undertaking on appeal must be executed at the time of the service of the notice of appeal, and that a copy of such undertaking must be served contemporaneously with the service of such notice. In other words, that the language of the statute, "the original must be filed with a notice of the appeal, and a copy showing the residence of the sureties must be served with the notice of appeal," should be literally construed, requiring service of the undertaking at the same time the notice is served. Since the foregoing New York cases were decided, the statute in that state has been amended so as to permit the undertaking to be served after the service of the notice, and at any time prior to the expiration of the time for taking the appeal. Raymond v. Richmond,

supra. Were it not for the decisions above cited construing statutes like ours to the contrary, we might be inclined to adopt a more liberal rule, and hold that the word "with," as used in the statute, was intended to be thus used in one of its well-recognized primary senses, meaning "in addition to." There appears to be respectable authority for thus cnstruing such word as used in somewhat analogous statutes. 30 Am. & Eng. Enc. Law, 2d ed. p. 891, and cases cited; Hummert v. Schwab, 54 Ill. 142; Goldie v. McDonald, 78 Ill. 605; Rosenthal v. Ruffin, 60 Md. 324; Furness v. Helm, 54 Ill. App. 435. Such a construction would appear to more nearly harmonize the various sections of our appeal statute, portions of which are apparently inconsistent with the idea that both the notice and undertaking must be served at the same time. If the legislature contemplated that the taking of an appeal and the perfecting thereof could only be accomplished at the same instant of time, it seems somewhat strange that § 7205, Rev. Codes, was not drawn in different language. The taking and the perfecting of the appeal are treated in the statute as wholly separate and independent acts, and; furthermore, there seems to be no good reason why these two steps should be so closely connected in point of time. It is reasoned, however, in some of the cited cases, in effect, that because of the language in § 7221 of our Revised Codes giving respondent "ten days after such notice of the appeal" in which to except to the sureties, that respondent would be deprived of such right if appellant should be permitted to serve the copy of undertaking after the date upon which the notice of appeal is served. It will be observed, however, that the language quoted does not purport to limit such time for excepting to the sureties to ten days after service of the notice of appeal, but merely to ten days after such notice of the appeal, and we think it might plausibly be argued that the meaning thereby intended was that respondent could thus except within ten days after acquiring knowledge of the appeal (*i. e.,* the perfected appeal) by the service of the undertaking. There is no appeal which is effectual for any purpose until the undertaking for costs is "executed," which latter word has been construed to mean "executed and served." Cushman v. Martine, supra. Hence the words "notice of the appeal," as used in § 7221, supra, might be said to have reference to the notice or knowledge of the perfected appeal as furnished by the service of the copy of undertaking,

and not merely to the "notice in writing" mentioned in § 7205, Rev. Codes, 1905.

The judge who wrote the opinion in Cushman v. Martine, supra, also wrote the opinion in the case of Webster v. Stephens, 3 Abb. Pr. 227, a few months earlier, wherein it was held, in effect, that, to make a complete and perfect delivery of the undertaking to the use of respondent, it should be filed, and that an exception to the sureties within ten days from the date of such filing is in time.

Furthermore, it will be observed that by the latter section an appeal is not taken until the notice is filed as well as served. The appeal was not taken in this case, therefore, until March 26, 1909, although the notice was served on March 1st. The undertaking and notice were filed at the same time, hence the appeal was both taken and perfected on March 26th.

However this may be, we feel disposed to follow, as nearly as possible, the settled rule of construction adopted by the courts of New York and South Dakota under like statutes, leaving it to the legislature to amend the statute if, in its wisdom, a different rule should prevail. This conclusion, however, does not lead to a dismissal of the appeal. It appears that appellant has, in good faith, given notice of appeal and attempted to perfect the same, and we think that the facts disclose a case authorizing us to grant him the relief provided for by § 7224. This section reads: "When a party shall, in good faith, give notice of appeal and shall omit, through mistake or accident, to do any other act necessary to perfect the appeal to make it effectual or to stay proceedings, the court from which the appeal is taken or the presiding judge thereof or the supreme court, or any one of the justices thereof, may permit an amendment or the proper act to be done on such terms as may be just."

Appellant invokes the aid of such statute, and, we think, fairly brings himself within its provisions. Such statute no doubt was enacted to cover cases like the one at bar. We think appellant, as terms, should reimburse respondent for his costs of the motion. It is therefore ordered that, on payment to respondent's counsel of the sum of $25, appellant may serve and file a new undertaking or make a cash deposit as prayed for by him, and that, unless this is done within ten days from notice of this order, the appeal will be dismissed. All concur.