## CHARLES E. BUCK and ALBERT H. BUCK,
Mortgagees, Exceptants,

### *vs.*

## RUBEN GLADFELTER.

*Mortgages: consideration; affidavit; agent or officer of corporation; parol proof.*

Where to the *bona fides* of the consideration of a mortgage, made by a corporation, the affidavit is made by an agent, other than an officer of the corporation, there must be endorsed upon the mortgage an additional affidavit that such person is in fact the agent of the corporation; but when the affidavit is made by an officer of the corporation no such additional affidavit is necessary.                    p. 37

Where an officer of a corporation makes the affidavit to the consideration of a mortgage made by the corporation, it should appear that he does so in his official capacity; but where the certificate omits to state that it is so done, parol proof may be admitted to show that fact.                    p. 38

*Decided December 3rd, 1913.*

Appeal from Circuit Court No. 2 of Baltimore City (GORTER, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, STOCKBRIDGE and CONSTABLE, JJ.

The cause was submitted on brief by *Bartlett, Poe, Claggett & Bland,* for the appellants.

*Lester L. Stevens,* for the appellees.

CONSTABLE, J., delivered the opinion of the Court.

This appeal is from an order overruling exceptions to the ratification of a sale made under foreclosure proceedings of a mortgage, and finally ratifying and confirming said sale. The appellants are the holders of a subsequent mortgage. The ground urged for a reversal is that the mortgage of the appellee is invalid, except as against the mortgagor, as to all persons without actual notice, because of a defective certificate of the affidavit as to the consideration.

The mortgage in question was made by the mortgagor to the Baltimore Trust Company, a body corporate. It was acknowledged in due form by the mortgagor before a notary public, and at the same time the affidavit as to the consideration was made by one Charles D. Fenhagen in the following form: "At the same time, also appeared Charles D. Fenhagan, and made oath in due form of law that the consideration set forth in said mortgage is true and *bona fide* as therein set forth." The mortgage was subsequently assigned to the appellee.

The contention of the appellant is that, under the provisions of the Code, this affidavit is defective and creates no

valid lien against the property, except as against the mortgagor. There is no question presented in the record as to whether or not the appellants had actual notice of the prior mortgage. The appellee, over the objection of the appellants, and all of which was excepted to, proved by Charles D. Fenhagen that, at the time of making the affidavit to the mortgage, he was the secretary and treasurer of the mortgagee, and made the affidavit as such officer and not in his individual capacity; and proved by the notary public, before whom the affidavit was made, that he knew at the time of so taking the affidavit, that Mr. Fenhagen was the secretary and treasurer of the mortgagee, and that he made the affidavit as such officer and not in his individual capacity.

Article 21, section 32 of the Code (1912) provides:

"No mortgage shall be valid except as between the parties thereto, unless there be endorsed thereon, an oath or affirmation of the mortgagee that the consideration in said mortgage is true and *bona fide* as therein set forth * * * This affidavit may be made at any time before the mortgage is recorded, before anyone authorized to take the acknowledgment of a mortgage, and the affidavit shall be recorded with the mortgage."

Section 33 of the same Article provides:

"The affidavit required by the preceding section may be made by one of several mortgagees and shall have the same effect as if made by all; or the said affidavit may be made by any agent of a mortgagee; and when made by an agent, he shall, in addition to the affidavit above mentioned, make affidavit, to be endorsed upon the mortgage, that he is the agent of the mortgagee or mortgagees, or some one of them; which affidavit shall be sufficient proof of such agency; and the president or other officer of a corporation, or the executor of the mortgagee may make such affidavit."

The appellants contend that the certificate of the affidavit is defective in two particulars and that it cannot be cured by parol evidence. These defects are omissions (1) to show upon the face of the certificate that Charles D. Fenhagen was an officer of the corporation, and (2) that a further affidavit should have been made by Fenhagen that he was an agent or officer of the corporation.

First as to the second of these contentions. From a reading of the two sections just quoted, we think it clear that it was not the intention to require an officer of a corporation to make the affidavit that section 33 requires to be made by agents of mortgagees. Section 32 provides that the mortgage shall be invalid, except that the mortgagee makes the affidavit prescribed in that section. Section 33 is inseparably connected with it, in that it provides the different modes by which the provision of section 32 may be carried into effect. It first provides that, where there are several mortgagees, the affidavit by one shall be sufficient. It next permits an agent to make the affidavit for the mortgagee, but in express terms, requires that, in addition to the affidavit mentioned in section 32, there be endorsed upon the mortgage an affidavit that he is the agent of the mortgagee. And finally, provides the manner in which a corporation may make the affidavit. The words, "And the president or other officer of a corporation, or executor of the mortgagee may make such affidavit," clearly refers to the affidavit required by section 32, and not to the additional affidavit required by agents. A corporation may have the affidavit made by other than an officer as agent, and in that case the section positively requires the additional affidavit to be endorsed upon the mortgage, but when made by an officer, no such affidavit is necessary. An officer of a corporation, with a mortgage standing in its name, occupies an entirely different position as to that mortgage, than one created an agent by word of mouth, does to a mortgage standing in the name of persons, as to between whom and him, there could be no connection but that of agency, if any, and

it is a wise provision that such a one should be required to make oath as to his authority.

The Maryland case of *Milholland* v. *Tiffany,* 64 Md. 455, relied upon by the appellants in support of this contention, is not authority for this case, for the reason that that case did not involve a mortgage to which a corporation was mortgagee, and merely announced the now settled doctrine that, in the absence of the oath of the agent, endorsed upon the mortgage, that he was the agent of the mortgagee, there was not a compliance with the positive provisions of the Code, and therefore the mortgage was fatally defective.

Is the second contention of the appellants, that the omission from the certificate that Fenhagen was an officer, such a defect as to invalidate the mortgage, or can the omission be cured by parol proof? Although the Act is silent as to it appearing affirmatively, we nevertheless, are of the opinion that when an officer makes the affidavit, it should appear that he does so in his official capacity. But we are equally of the opinion that where the certificate omits to state that it is done so, proof *aliunde* can be admitted to show that fact. No doubt, the better practice is to have it appear in the certificate, for then, when recorded, it is *prima facie* evidence of the fact. In some of the early cases, as in *Bissett* v. *Bissett,* 1 H. and McH. 211, and *Ridgely* v. *Howard,* 3 H. and McH. 321, it was held that no evidence could be received to invalidate the acknowledgment of a deed, but this rule has been very much relaxed. If the statement of official capacity should be erroneous or false, there certainly can be no question now but that it could be attacked for that reason, and a certificate *prima facie* good proved false and a mortgage thereby invalidated. *Gittings* v. *Hall,* 1 H. and J. 14; *Byer* v. *Etnyre,* 2 Gill, 151; *Ramsburg* v. *Campbell,* 55 Md. 227. Why then should not a mortgage valid, but for the omission to state the official character of the person making the required oath, be forever invalidated? The proof offered is certainly stronger evidence of the fact than the mere state-

ment appearing on the face of the certificate would have been.

It is urged, by the appellants, that the case of *Reiff* v. *Eshleman,* 52 Md. 582, is decisive of this point. But an examination of that case discloses, that the affidavit was in such defective shape, that the Court was of the opinion that the mortgage had to be treated as one to which no affidavit at all was attached, and held that the Act in mandatory terms not only requires the affidavit, but in equally mandatory terms, requires it to be endorsed upon the mortgage and recorded with it. And because of the omission of the mandatory requirements, decided that the fact that the oath was taken was not the subject of parol proof. The facts there are entirely different from those in this case. Here the question is not whether proof of the taking of the affidavit can be admitted, for the certificate shows it was taken, nor whether the affidavit was endorsed upon the mortgage and recorded with it, but merely whether or not it could be proved that the party making the affidavit was a person authorized by the Code to make such an affidavit. Of this, we think there is no question.

We, therefore, think the Court below was correct in admitting this proof and in overruling the exceptions.

*Order affirmed, with costs to the appellee.*