## WM. S. TYLER COMPANY *v.* ALFRED J. O'FERRALL
### ET AL., RECEIVERS.

*Chattel Mortgage—Seal.*

Under Code, art. 21, secs. 45, 49, a seal is necessary to the execution of a valid chattel mortgage, though it may be good without a seal as against prior existing unsecured creditors.

*Decided June 10th, 1927.*

Appeal from the Circuit Court No. 2 of Baltimore City (STANTON, J.).

Petition by the Wm. S. Tyler Company against Alfred J. O'Ferrall and William Ewin Bonn, receivers of Ralph

Milburn, Incorporated. From the decree rendered, the petitioner appeals. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Thomas F. Cadwalader,* with whom were *Marbury, Gosnell & Williams* on the brief, for the appellant.

*Wm. Ewin Bonn,* with whom was *Alfred J. O'Ferrall* on the brief, for the appellees.

SLOAN, J., delivered the opinion of the Court.

By chattel mortgage on April 23rd, 1926, Ralph Milburn, Inc., of Baltimore, conveyed to the appellant certain personal property to secure the sum of $708.75, which was signed, "Ralph Milburn, Inc., by Ralph Milburn, Pres., A. Gower Lawrence, Sec.-Treas." and was duly acknowledged May 4th, 1926, recorded May 5th, 1926, but did not contain a seal. Subsequently, and before any part of the mortgage debt was paid, Ralph Milburn, Inc., went into the hands of receivers, who are the appellees. The appellant, filed a petition in the Circuit Court No. 2 of Baltimore City, praying the court to direct the receivers to deliver the mortgaged property to the petitioner, or to pay it the mortgage debt, or to sell the mortgaged property and, after the payment of costs and expenses, to pay the petitioner's claim out of the proceeds of sale. The receivers answered, admitting the facts, but alleged that the mortgage was not valid and was not a lien upon the mortgaged property because it did not contain the seal of Ralph Milburn, Inc., as required by article 21 of the Code. Judge Stanton passed a decree dismissing the petition, and directed that the mortgage be given priority over unsecured creditors at the time of its execution, but that it be distributed to *pari passu* with general creditors whose debts were contracted after its execution. From this decree an appeal was taken.

The sole question for us to decide is whether the seal was

essential to the validity of the mortgage. It has been decided by this Court that such mortgage is good as against prior unsecured creditors. *Textor v. Orr,* 86 Md. 392; *Brown v. Alford & Co.,* 83 Md. 297; *Goldsborough v. Tinsley,* 138 Md. 419. "Any bill of sale of personal property shall be sufficient in form if it contains the names of the parties, the consideration, a description of the property conveyed, and be signed and sealed by the vendor, and dated." Article 21, section 45, of the Code. "A mortgage of personal property shall be executed, acknowledged and recorded as bills of sale." Article 21, section 49, of the Code. Unless otherwise provided by statute, a chattel mortgage or bill of sale does not require a seal. 11 *C. J.* 47; 5 *R. C. L.* 14. In this state we have a statute which does provide that a seal is an essential in the execution of bills of sale and chattel mortgages. This Court said, in *Criswell v. State,* 126 Md. 107, "that it is our duty, if possible, to so construe the law as to effectuate the intention of the Legislature." As further evidence that the Legislature intended a seal to be required in chattel mortgages, it is only necessary to refer to the defective conveyance acts of assembly, passed from 1888 to '1924, and codified in section 87 of article 21 of the Code as follows: "All deeds, mortgages, releases, bonds of conveyance, bills of sale, chattel mortgages and all other conveyances of real and personal property, or of any interest therein, or agreements relating thereto which may have been executed, acknowledged or recorded in the state subsequent to the passage of the Act of the General Assembly of Maryland passed at its January Session, 1858, chapter 208, which may not have been acknowledged according to the laws existing at the time of said acknowledgment, * * * or where the conveyance has not been witnessed to or *sealed* as required by law * * *, shall be and the same are hereby made valid to all intents and purposes as if the conveyances and agreements had been acknowledged, certified to, witnessed and *sealed* according to law. * **" It seems clear to us that the Legislature intended a seal to be necessary

to the execution of a valid chattel mortgage, though it may be good without a seal as against all prior existing unsecured creditors. Before the passage of the Act of 1856, ch. 154, bills of sale and chattel mortgages did not require a seal, and when the Legislature made the change in form and execution, and required a seal, we assume that it meant what it so clearly said.

*Decree affirmed, with costs.*