## In re UNIVERSAL STORAGE & TRANSFER CO.
### No. 7406.

District Court, D. Maryland.
Sept. 13, 1933.

426

James E. Godwin and Stephen P. Campbell, Jr., both of Baltimore, Md., for petitioners.

Harry D. Kaufman, of Baltimore, Md., for trustee.

CHESNUT, District Judge.

The matter now before the court in the above case arises on the petition of the trustee in bankruptcy to review the order of the referee filed September 5, 1933, directing the trustee to pay the sum of one thousand dollars ($1,000) with interest, out of the proceeds of sale of certain chattel mortgaged property, to the petitioners, Lula J. Buch and Eloise Buch, as chattel mortgagees. The question presented is whether the chattel mortgage is legally sufficient, the alleged defect being in the acknowledgment. The problem is clearly and concisely stated in the referee's findings of fact and conclusions of law filed September 5, 1933, and in his certificate on petition to review filed therewith. After hearing oral argument of counsel I was of the opinion, subject to further examination of the law, that the referee's order and conclusions of law should be affirmed. I adhere to this view after the further examination. In view, however, of the difficulty of the question (as recognized by the referee) some further elaboration of the reasons for sustaining the chattel mortgage is desirable.

The original mortgage with certificate of record stamped thereon was filed in the case on June 2, 1933, annexed to the petition of the mortgagees. The mortgage was prepared on a printed chattel mortgage form customarily used in Baltimore City but designed for execution and acknowledgment by an *individual*, whereas the particular mortgage was made by the bankrupt, a Maryland *corporation*, called the Universal Storage and Transfer Company, Inc. It is not disputed that the contents and execution (apart from the acknowledgment) of the mortgage is legally valid and sufficient. It names the corporation as the mortgagor, is dated January 3, 1933, recites the receipt of the consideration—$1,800—describes the mortgaged property and is signed by the President and Sec. & Treas. of the corporation with the corporate seal thereto affixed. The acknowledgment, the legal sufficiency of which is challenged, partly in print and partly in typewriting, is as follows (the typewritten portions being italicized):

"State of Maryland, City of Baltimore, to wit:

"I hereby certify that on this *3rd* day of *January* in the year one thousand nine hundred and *thirty-three*, before me, a *Notary Republic of Baltimore* and State of Maryland, in and for the City aforesaid, personally appeared

"the mortgagor named in the foregoing mortgage *and* acknowledged the aforegoing mortgage to be *their* act. At the same time also appeared *Lula J. Buch and Eloise Buch, joint tennants with right of survivorship and not as tennant incommon.* And made oath in due form of law that the consideration set forth in said mortgage is true and bona fide as therein set forth.

"Marguerite Herzog,
"Notary Public"
—with her seal annexed.

If the mortgagor had been an individual instead of a corporation, the sufficiency of the acknowledgment could not be disputed, but the defect is said to lie in the fact that the mortgagor is a corporation which can acknowledge a mortgage under the Maryland statute only by an attorney named in the instrument for that purpose or by the president or vice president. The exact language of the statute (article 23, § 127, Maryland Code Pub. Gen. Laws 1924) is as follows:

"A corporation may acknowledge any instrument required by law to be acknowledged, by its attorney appointed under its seal, and

such appointment may be embodied in the deed, or such instrument may be acknowledged by the president or any vice-president of such corporation without such appointment."

There is no statutory form for an acknowledgment of deeds or mortgages by a corporation in Maryland. But in practice the approved and customary form which should properly have been used, reads substantially as follows:

"State of Maryland, Baltimore City, to wit:

"I hereby certify that on this 3rd day of January, in the year one thousand nine hundred and thirty-three, before me, a Notary Public of the State of Maryland in and for Baltimore City, personally appeared Justin G. Buch, President of the Universal Storage and Transfer Co., Inc., the mortgagor named in the foregoing mortgage, and acknowledged the foregoing mortgage to be the act and deed of the said corporation. At the same time also appeared Lula J. Buch and Eloise Buch, the mortgagees therein named, and made oath in due form of law that the consideration set forth in said mortgage is true and bona fide as therein set forth.

"Marguerite Herzog,
"Notary Public"

—with seal.

Section 70 of article 21 of the Maryland Code provides "the following forms of acknowledgments shall be sufficient." Then follows a form for the acknowledgment of a deed by an individual taken within the state which reads as follows:

"State of Maryland, ——— county, to wit:

"I hereby certify, that on this ——— day of ———, in the year ———, before the subscriber, (here insert style of the officer taking the acknowledgment,) personally appeared (here insert the name of the person making the acknowledgment,) and acknowledged the foregoing deed to be his act."

Section 73 of the same article provides "any form of acknowledgment containing in substance the aforegoing forms shall be sufficient."

The effect of the failure to substantially comply with the requirements of the Maryland law as to chattel mortgages is stated in section 44 of article 21:

"No personal property, of any description whatever, whereof the vendor, mortgagor or donor shall remain in possession, shall pass, alter or change, or any property therein be transferred to any purchaser, mortgagee or donee, unless by bill of sale or mortgage acknowledged and recorded as herein provided; but nothing herein shall be construed to extend to any sale or gift, where the same is accompanied by delivery, nor to invalidate such transfer as between the parties thereto."

As provided by the mortgage in question, the possession of the property was retained in this case by the mortgagor.

To be good, therefore, the chattel mortgage in this case must be "acknowledged and recorded as herein provided." It was admittedly so recorded on the following day after its execution, January 4, 1933. The question is whether it was properly acknowledged. By section 49 of article 21, it is provided "a mortgage of personal property shall be executed, *acknowledged* and recorded as bills of sale." By section 46 of article 21, it is provided "a bill of sale or chattel mortgage, if acknowledged within this State, may be acknowledged before any officer authorized to take acknowledgments of deeds within this State in the same manner as deeds are acknowledged, or acknowledged as certified."

With regard to the acknowledgment of deeds, it is provided in section 6 of article 21 that "every officer, before whom any acknowledgment shall be made shall give a certificate thereof and endorse on or annex to the deed such certificate, and the certificate shall be recorded with the deed."

And by section 8:

"The certificate of acknowledgment shall contain:

"1st. The name of the person making the acknowledgment.

"2d. The official style of the officer taking the acknowledgment.

"3d. The time when it was taken.

"4th. A statement that the grantor acknowledged the deed to be his act, or made an acknowledgment to the like effect."

It is thus apparent that the only defect in the acknowledgment to this chattel mortgage is the failure to expressly name in the notary's certificate the officer of the corporation who made the acknowledgment, with a statement to the effect that it was made for the corporation.

With respect to chattel mortgages, it is also provided by section 53 of article 21 that to be valid the mortgagees, "or some one of them, or the agent of some one of them, shall make an affidavit that the consideration in said bill of sale or mortgage is true and bona fide as therein set forth."

It appears from the referee's findings that the mortgage was apparently made in good faith; that the consideration of $1,800 was actually advanced but was subsequently reduced by partial payment to $1,000 of principal; and it was also found by the referee as a fact "that the President or *vice president*" (possibly an inadvertence for secretary-treasurer) "of the bankrupt before executing the mortgage on its behalf appeared with both mortgagees before the notary and made the acknowledgment immediately after the execution of the mortgage at the same place."

█ Here, therefore, we have a case where a mortgage loan is actually made by the mortgagees dealing with the authorized officers of the corporation, expecting to receive a valid security for the loan and the corporation intending to give the valid security. The question is, however, in no way affected by any doctrine of notice in fact to, or estoppel of, creditors. The trustee's objection to the acknowledgment is, under these circumstances, obviously highly technical in character, but the question nevertheless remains as to whether the technicality is sound. We are dealing with a subject governed by statutes of the state of Maryland and the question is necessarily to be determined by the proper application of those statutes and decisions of the Court of Appeals of this State which have construed and applied them. Sapero v. Neiswender (C. C. A. 4) 23 F.(2d) 403; Collier on Bankruptcy (13th Ed.) vol. II, p. 1038, note 4.

█ The Maryland statute (section 44, article 21) provides that no title shall pass to the mortgagee unless the mortgage is acknowledged as provided by the statutes. It is quite clear that the compliance in this case was not literally correct and we turn therefore, to the Maryland cases to ascertain what principle has been announced by the Court of Appeals of Maryland in applying the state statutes to kindred or analogous cases. We find it most clearly stated that the point of approach is not of strict construction and required literal compliance but a broad and liberal construction for the purpose of upholding rather than striking down the validity of such conveyances. Basshor v. Stewart, 54 Md. 376, is the leading and most fully considered case upon the subject in the Maryland Reports. There a corporate mortgage purported to be acknowledged by an attorney, appointed for that purpose in the instrument itself. The notary's certificate of acknowledgment was perfect except in its omission to include the statement that the attorney "acknowledged

the said mortgage." This, of course, was the essential thing to be performed by the attorney. Nevertheless looking at the mortgage and the certificate of acknowledgment the Court found that the omission of the vital words was merely a clerical misprision and should be supplied by inference and intendment, Judge Alvey saying:

"In aid of this certificate we are required to read it in connection with the other parts of the instrument; and we must, moreover, bear in mind that every reasonable intendment should be made in support of the certificate, and the instrument to which it is attached. And so reading the certificate, is there a doubt left in the mind as to what was done by the attorney before the justice, and what act was intended to be certified by that officer? * * * What may be fairly and clearly understood or implied, in reading the acknowledgment in connection with the deed, is of the same effect as if it had been in terms expressed."

And the court quoted with approval from the case of Van Ness & Jones v. Bank of U. S., 13 Pet. 17, 10 L. Ed. 38, a case arising under the statutes of Maryland in force in the District of Columbia and presenting a somewhat analogous situation, where Mr. Chief Justice Taney in delivering the opinion of the court, upholding the sufficiency of the acknowledgment, said:

"The soundest principles of justice and policy would seem to demand that every reasonable intendment should be made to support the titles of the bona fide purchasers of real property; and this Court is not disposed to impair their safety, by insisting upon matters of form, unless they were evidently required by the legislative authority."

And Judge Alvey added:

"By the Code, Art. 21, sec. 71 [now section 73 of article 21 above quoted], any form of acknowledgment containing in substance the contents of the forms prescribed, are declared to be sufficient. We are not, therefore, restricted by mere matter of form. We must look to what will reasonably and substantially gratify the requirement of the statute. Of course, we are not to be understood as giving sanction to any loose construction of these certificates. On the contrary, if we perceived that there was reasonable doubt as to the meaning and real import of the certificate in question, we should feel bound to declare it invalid."

And in the same case Judge Alvey reviews other decisions of the Court in which material

omissions or errors in the certificate were held supplied or inferentially corrected by reference to the whole of the instrument as recorded. Thus in Kelly v. Rosenstock, 45 Md. 389, the exact date of the acknowledgment was left blank but was supplied by intendment from the dates of the mortgage and the date of recording; and in Frostburg Mutual Bldg. Asso. v. Brace, 51 Md. 508, the certificate of acknowledgment stated that the attorney appeared and acknowledged the mortgage to be *his act and deed* instead of the act and deed of the corporation; but the certificate was nevertheless held valid. This doctrine of the Maryland court of liberal interpretation of the requirements of the statute in their application to concrete cases is also consistent with other decisions of the Supreme Court and later appellate federal decisions. Thus in Advance-Rumely Thresher Co. v. Wagner (C. C. A. 8) 29 F.(2d) 984, 988, the Court quotes the language of the Supreme Court in Carpenter v. Dexter, 8 Wall. 513, 526, 19 L. Ed. 426:

"It is the policy of the law to uphold certificates when substance is found, and not to suffer conveyances, or the proof of them, to be defeated by technical or unsubstantial objections."

And again quotes with approval an extract from the opinion in Herron v. Harbour, 75 Okl. 129, 182 P. 243, 29 A. L. R. 905, as follows:

"In determining the sufficiency of a certificate of acknowledgment, technical rules of construction will not be applied. A substantial and not a literal compliance with the statute in the certificate of acknowledgment to a deed, mortgage, or contract relating to real estate is all that the law requires, and, although words not in the statute are used in the place of others, or words in the statute are omitted, yet, if the meaning of the words used is the same, or they represent the same fact, or if the omission of a word or words is immaterial, or can be supplied by a reasonable and fair construction of the whole instrument, the acknowledgment will be held sufficient."

See, also, Bank of Hampton v. Wright (C. C. A. 8) 35 F.(2d) 321; Hauser v. Callaway (C. C. A. 8) 36 F.(2d) 667. The rule of substantial and not literal compliance is indeed general throughout the United States. 29 A. L. R. 923, note; 72 A. L. R. 1293; 1 C. J. 839. It was so applied by the Circuit Court for this 4th Circuit in regard to the law of West Virginia and North Carolina in Davis v. Seybold (C. C. A.) 195 F. 402, 407, and National Bank of Goldsboro v. Hill (D. C.) 226 F. 102, 108.

Of course, a vital defect in the positive requirements of the statute cannot be supplied if entirely omitted, as for instance, where the statute requires a seal in the execution of the instrument by the corporation, which is missing (Tyler Co. v. O'Ferrall, 153 Md. 353, 138 A. 249); or where the name of the person making the acknowledgment is left blank and there is no possibility of supplying the omission by reference to other parts of the whole instrument (Coale v. Harrington, 7 Har. & J. 147).

It may also be noted that it has been the policy of the Maryland Legislature to validate from time to time by special act previously defectively executed or acknowledged deeds and other similar instruments which must be recorded, saving accrued rights of creditors. Thus, see Maryland Code, article 21, §§ 84–91, inclusive. And this policy has been consistently pursued in later years. See 1929 Supplement to the Maryland Code, including the Acts of 1927 and 1929 in article 21, §§ 87 and 91, and the Maryland Acts of 1933, ch. 50, referred to by the referee

There appears to be no Maryland decision dealing specifically with a literally imperfect acknowledgment of a deed or mortgage by an officer of a corporation although two cases of analogous nature have already been referred to where the alleged legally defective acknowledgment was by an attorney for the corporation, and, as already noted, there is no statutory form prescribed for the acknowledgment of a corporate deed or mortgage by either attorney or officer. But a recent decision has dealt with the statutory requirement of the required affidavit by a corporate mortgagee. Buck v. Gladfelter, 122 Md. 34, 89 A. 317. By sections 33 and 34 of article 21 this required affidavit to the mortgage where a corporation is the mortgagee may be made by the president or other officer of the corporation. In the case cited the certificate of the notary was merely that one Charles D. Fenhagen (not stating his official relation to the corporation) made the affidavit. The court held that the affidavit was nevertheless good and that parol proof could be submitted to show that the person named in the certificate was in fact an officer of the corporation at the time.

The ultimate question to be decided here is whether, within these principles of the Maryland law, it is possible to find from the body of the mortgage and the notary's certifi-

cate of acknowledgment read together, that the statutes, by liberal interpretation, have been substantially complied with. The particular instrument presents intrinsic evidence of draftsmanship by a layman rather than a lawyer. It is indeed crudely expressed and gives rise to the inference of a confusion of understanding as to the legal distinction between the corporate entity and its officers acting for it. While the corporation is properly named as the mortgagor in the beginning, there is internal evidence in the paper that very probably the draftsman identified the officers with the corporation itself. Thus it will be noticed that the mortgage is not signed in the corporate name by the officers but is signed by the names of the corporate officers stating their official positions, and just above, there is the sentence reading as follows: "But in case of default then said Universal Storage does hereby declare *their* assent to the passage of a decree for the sale of the property hereby mortgaged." Similarly it is recited in the acknowledgment that the *mortgagor personally appeared* and acknowledged the foregoing mortgage to be *their* act. This double use of the plural possessive pronoun is indicative of the supposed identity of the individual officers with the corporate entity. Furthermore, the statement in the acknowledgment that the mortgagor, the named corporation, *personally appeared,* is, of course, inapt and indeed impossible if literally read and understood. But even though the paper is crudely expressed, it is unreasonable to think that the draftsman of the paper (or the notary public in certifying it) really meant that the corporation itself, which could act only through agents and in this case was acting through its officers, *personally* appeared. On the contrary, in my opinion there is a fair intendment when the paper is liberally construed, that what was meant was that the officers of the corporation (identified in thought with the corporate entity and therefore in the mind of the draftsman or notary being the "mortgagor") personally appeared and acknowledged the mortgage to be "their act." Of course, even as thus understood the expression is not only unhappy and crude but legally inexact because the acknowledgment should have been the acknowledgment of the president of the corporation as an individual that the mortgage was the act of the corporation; but an almost similar verbal inaccuracy of statement was regarded as not fatal to the acknowledgment in the Maryland case of Frostburg Mut. Bld. Asso. v. Brace, above referred to. As an aid to this fair intend-

ment of the paper it may also be noted as a matter of law that the only person who could acknowledge this paper for the corporation was the president or a vice president. As no vice president is named or referred to in the paper it is unreasonable to infer that the notary could have meant that the acknowledgment was by an unnamed and unreferred to vice president. And while the understanding above expressed also includes an acknowledgment by the "sec. and treas.," this may be disregarded as mere surplusage. If the acknowledgment read in connection with the mortgage itself is susceptible of this construction, and I think it is, then we have a substantial compliance with the statutory requirements.

Of course, it is clear from the Maryland statutes that an acknowledgment to a paper of this kind must be an individual and personal act. The law looks to the personal responsibility of some individual acting either for himself or in a representative capacity. If it is not possible to find from the paper as a whole that some identified individual did make the acknowledgment, the paper would be fatally defective. For instance, in my opinion, a mere recital in the certificate that the mortgagor (a corporation) personally appeared without other internal evidence in the paper to show what individual made the acknowledgment, would make the paper fatally defective. And it is at least very doubtful whether any extrinsic evidence could be resorted to to cure the defect. The object of the recording law is, of course, to give constructive notice to those who do not have actual notice and it is clear that constructive notice is only effective to the extent that it appears from what is recorded. But in this case, as above pointed out, I think this particular instrument is saved by its very crudities because (and only because) reading the paper as a whole, and without the aid of external evidence of facts as found by the referee, it becomes possible by a liberal interpretation of the paper to know with reasonable certainty that the certificate in substance meant that the officers of the corporation, including the president, personally made the acknowledgment as officers of the corporation.

An examination of very many of the decided cases collected in the notes in A. L. R. above referred to, fails to present a case very closely similar on its facts to this instant case. It may fairly be said that many of the cases reviewed in the annotations show a less lib-

eral interpretation of what constitutes substantial compliance than that here adopted. But many of the cases (as, for instance, Best & Co. v. Wolf, 67 Colo. 42, 185 P. 371, 29 A. L. R. 899, among the authorities relied on by counsel for the trustee) are inapplicable as persuasive authority because they were decided under statutes which either prescribe definite forms of acknowledgment or otherwise depend upon statutory conditions not found in Maryland. Thus, while the case is one of difficulty, I have reached the conclusion that under the liberal Maryland rules regarding the acknowledgment of instruments of this character the order of the referee should be affirmed.