1807.

Hampson
vs
Edelen.

ed by the payment of the debts of *Isaac.* That *Jona-* *than* accepted and held the lands devised to him by the will, under and in virtue thereof, which was of greater value than the debt claimed by the plaintiff. The defen- dant then prayed the court to direct the jury, that the debt or sum of money claimed by the plaintiff, was extinguished by the said will, and ought not to be recovered. Which prayer the court, [*Polk,* Ch. J. Done and *Robins,* A. J.] granted, and were of opinion that the debt or sum of mo- ney claimed by the plaintiff was extinguished by the will, and ought not to be recovered, and did accordingly so di- rect the jury. The plaintiff excepted; and the verdict and judgment being against him, he appealed to this court, where the cause was argued by

*J. Bayly,* for the appellant and by

*W. B. Martin,* for the appellee.

The Court of Appeals *Reversed* the judgment of the county court, and awarded a *Procedendo.*

--------

June (M S.)

HAMPSON *vs.* EDELEN.

A contract for the purchase of land, *bona fide* made for a valua- ble consideration, vests the equitable interest in the vendee from the time of the exe- cution of the con- tract, altho' the money is not paid at that time. When the money is paid, the ven- dee is entitled to a conveyance. A judgment obtain- ed by a third per- son against the vendor *mesne* the making the con- tract and payment of the money, can- not defeat the equitable interest thus acquired, nor is it a lien on the land to affect the right of such *ces- tui que trust.* A judgment is a lien on the land of the debtor, and attaches on it as a fund for its pay- ment. But the le- gal estate in the land is not vested in the judgment creditor, altho' he can convert it into money to satisfy his debt, by pursuing the proper means.

APPEAL from the Court of Chancery. The bill of the complainant, (the now appellee,) stated, that in September 1797, he purchased a part of a tract of land, lying in *Prince George's* county, called *Stoney Harbour,* contain- ing 163 acres, from a certain *Benoni H. Wade,* at the price of £5 per acre; and on the 24th of December 1797, *Wade* gave him full and absolute possession thereof, and that he has ever since continued in possession. That at the time of the purchase of the land, *Wade* was indebted to the complainant on bond, with *Thomas Mundell* his surety, in the quantity of 15,605lbs. of net tobacco, to be paid at the price of 65 shillings per hundred, the whole amount- ing to £482 current money, and it was then agreed, that the bond should be received in part payment of the land at the said amount, and the same was accordingly given up to *Wade.* That the complainant continued in possession of the land, and used and cultivated it, and having paid up the whole purchase money, on the 12th of November 1798, ob- tained a conveyance for the same. That after he had pur-

chased the land from *Wade*, and had paid the amount of the bond in manner aforesaid, and had been in possession, and had used the land from the month of December 1797 to May 1798, a certain *Bryan Hampson* obtained three judgments against *Wade* at May term 1798, in the general court, on which judgments several writs of *fieri facias* have issued returnable to the next general court at May term 1800, and have been laid on the land of the complainant so as aforesaid bought and paid for, and there will be an immediate sale thereof, unless prevented by this court. That at the time the complainant purchased and paid for the land as aforesaid, he never heard of the judgments against *Wade*, and was wholly ignorant of the same, until the writs of *fieri facias* were about to be laid on the land. That he is advised that, having bought the land, and having been in possession thereof as aforesaid, and having paid to the amount aforesaid, before any judgment was obtained against *Wade*, he is entitled to the aid of this court to secure him in his title to the land. *Prayer* for an *injunction* to enjoin proceedings on the judgments and executions, and for other relief, &c. An injunction accordingly issued.

On coming in of the defendant's answer, and testimony taken under a commission, the case was submitted.

HANSON, Chancellor, (October term 1803.) Whether or not the defendant would have had any ground of relief in case he had filed a bill against *Edelen* and *Wade*, the Chancellor neither will, nor ought to, nor can positively determine. Perhaps the whole of the circumstances of the case may not be before the court. However, as the Chancellor cannot doubt that the complainant, at the time when the judgments in the bill mentioned against *Wade*, had a clear equitable interest in the land mentioned, which has since been conveyed to him, he conceives that it is the duty of this court to protect the said interest—*Decreed*, that the injunction, in this case issued, be perpetual, and that each party pay his own costs. From which decree the defendant appealed to this court.

The cause was argued in this court before CHASE, Ch. J. TILGHMAN, and NICHOLSON, J

1807.

Hampson
vs
Edelen

*T. Buchanon*, for the appellant. The question is, whether, or not a man purchasing land under a parol agreement shall be protected against a judgment creditor, under a judgment rendered against the vendor subsequent to the sale and prior to any conveyance being made for the land? He referred to *Sorrel vs. Carpenter*, 2 *P. Wms.* 482. 2 *Fonbl.* 157. *Worsley vs. The Earl of Scarborough*, 3 *Atk.* 392. *Churchil vs. Grove*, 1 *Chan. Ca.* 35. *Bovey vs. Skipwith*, *Ibid* 201. *Peach vs. Winchelsea*, 10 *Mod.* 468. *Finch vs. Winchelsea*, 1 *P. Wms.* 277. 2 *Pow. on Cont.* 58, 34. *Brandlyn vs. Ord*, 1 *Atk.* 571. *Marlow vs. Smith*, 2 *P. Wms.* 199. *Tourville vs. Naish*, 3 *P. Wms.* 307. *Wigg vs. Wigg*, 1 *Atk.* 384.

*Shaaff* argued for the appellee.

CHASE, Ch. J. delivered the opinion of the court. In this case it appears that a considerable part of the purchase money was paid, and possession given of the land, prior to the obtention of the judgments by *Hampson* against *Wade*.

A contract for land, *bona fide* made for a valuable consideration, vests the equitable interest in the vendee from the time of the execution of the contract, although the money is not paid at that time. When the money is paid according to the terms of the contract, the vendee is entitled to a conveyance, and to a decree in chancery for a specific execution of the contract, if such conveyance is refused.

A judgment obtained by a third person against the vendor, mesne the making the contract and the payment of the money, cannot defeat or impair the equitable interest thus acquired, nor is it a lien on the land to affect the right of such *cestui que trust*.

A judgment is a lien on the land of the debtor, and attaches on it as a fund for its payment; but the legal estate in the land is not vested in the judgment creditor, although he can convert it into money, to satisfy his debt, by pursuing the proper means.

DECREE AFFIRMED.