McREA (PRIME v.). See Cases Nos. 11,422 and 11.423.

McROBERTS (IRWIN v.). See Case No. 7,-085.

McSAUL (MILWARD v.). See Case No. 9,-624.

McSHANE (UNION PAC. R. CO. v.). See Cases Nos. 14.381 and 14,382.

---

## Case No. 8,926.

### McSHERRY v. QUEEN et al.

[2 Cranch, C. C. 406.] [4]

Circuit Court, District of Columbia. April Term, 1823.

JUDGMENT—SUPERSEDEAS—EXECUTION—IMPROPER RECITAL.

The court will, on motion, quash an execution upon a supersedeas judgment and also the supersedeas judgment itself, if it does not truly recite the original judgment.

[Cited in Chesapeake & O. Canal Co. v. Barcroft, Case No. 2,644.]

[This was a suit by Dennis McSherry against R. T. Queen, Charles J. Queen, and James King & Co.]

Mr. Wallach, for defendants, moved the court to quash an execution issued upon supersedeas; and also the supersedeas itself, because it did not truly recite the original judgment. The original judgment was for $200 damages, to be released on the payment of $100 with interest from the 13th of April, 1820. A payment of $50 is noted on the docket. The supersedeas stated the debt to be $50, taking no notice of the damages to be released on the payment of a smaller sum.

THE COURT (THRUSTON, Circuit Judge, absent) quashed the execution and supersedeas, because the original judgment was not truly recited in the supersedeas judgment, and because a judgment against James King & Co. was too uncertain.

---

## Case No. 8,927.

### McSORLAY v. LUDLOW.

[2 Paine, 600.] [1]

Circuit Court, Second Circuit. [2]

REAL PROPERTY — AGREEMENT TO SELL — PRICE PAID—EQUITABLE TITLE—JUDGMENT CREDITOR—INJUNCTION.

[This was a bill in equity by James McSorlay v. Thomas W. Ludlow.]

This case differs from the others[3] only in

---

[4] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Elijah Paine, Jr., Esq.]

[2] [Date not given. 2 Paine includes cases decided from 1827 to 1840.]

[3] [The cases here referred to are Lane v. Ludlow, and others heard at the same time. Case No. 8,052.]

---

this respect: that the purchaser, instead of giving a bond and mortgage to secure the purchase-money, actually paid the same to Mr. Bayard on receiving the deed, and after the judgment obtained against Bayard, which brings the case precisely within that of Hampson v. Edelen, 2 Har. & J. 64, and which rests on the same principles that governed the decision in the case of Finch v. Earl of Winchelsea, 1 P. Wms. 278.

The injunction in this case must be made perpetual, without requiring the complainant to make any further payment for the land purchased by and conveyed to him.

Before THOMPSON, Circuit Justice.

---

McSORLY v. LUDLOW. See Case No. 8,-052.

McSPEDAN (JUNEAU BANK v.). See Case No. 7,582.

---

## Case No. 8,928.

### MACUBBIN v. LOVELL.

[1 Cranch, C. C. 184.] [1]

Circuit Court, District of Columbia. July Term, 1804.

EVIDENCE—COMPARISON OF HANDWRITING.

Comparison of handwriting is not evidence.

Mr. Peacock, for plaintiff, having proved that on a note filed in another case the plaintiff had confessed judgment, prayed the court to suffer the jury to compare a receipt purporting to be signed by the plaintiff with the said note and from thence to infer that the signature was in his handwriting.

Refused. KILTY, Chief Judge, absent. See Peake, Ev. 68–70, s. p. Watterstone v. Cook [unreported], at the same term.