(Decided 20th June, 1883.)

JACOB S. ROSENTHAL *vs.* SAMUEL RUFFIN.

*Power of Attorney to sell Real estate—Recording of Power of Attorney—Section 28, of Article 44, of the Revised Code.*

The recording among the land records, of a power of attorney to sell real estate, previously to the recording of the deed executed in pursuance of such power of attorney, is a sufficient compliance with section 28, of Article 44, of the Revised Code, which requires such power of attorney to be recorded with the deed executed in pursuance thereof. The power of attorney may be recorded either at or before the recording of the deed; it is not required to be recorded *eo instanti* with the deed.

The terms "with the deed," employed in the statute, means upon the proper records of the city or county where the deed is recorded.

APPEAL from the Circuit Court of Baltimore City.

This appeal was taken from a *pro forma* decree requiring the respondent, Jacob S. Rosenthal, specially to perform the written agreement entered into by him with the complainant, Samuel Ruffin, and filed in the cause, for the purchase of certain property described in the proceedings, and carry out the terms thereof; and the said Ruffin to make, execute, and deliver to the said Rosenthal, a

deed in fee simple of said property, free, clear and discharged from all claim of the parties to the proceedings, and to execute and deliver said conveyance to the said Rosenthal; and the said Rosenthal to pay to the said Ruffin the purchase money therefor, as set forth in said agreement. The case is stated in the opinion of the Court.

The cause was submitted on briefs to MILLER, ALVEY, YELLOTT, STONE, ROBINSON, and IRVING, J.

*J. S. Rosenthal*, for the appellant.

*Samuel J. Harman*, and *Isidor Rayner*, for the appellee.

STONE, J., delivered the opinion of the Court.

William H. Pratt and wife, residents of London, England, executed a power of attorney to Asa Higgins, of the City of Baltimore, giving to him full power and authority to sell and convey all the real estate of said Pratt and wife lying in the City of Baltimore. In pursuance of this power of attorney, Higgins sold a portion of said real estate to Samuel Ruffin, the appellee, in the year 1872. Ruffin, in March, 1883, sold the land so purchased by him to Jacob S. Rosenthal, the appellant, who, after examination, objected to the title of the appellee upon the ground that the power of attorney from Pratt and wife to Higgins was not recorded *cotemporaneously* with the deed to Ruffin. The power of attorney had been previously recorded among the land records of Baltimore City, and was particularly referred to in the deed to Ruffin. The only question for us to decide in this case is whether it was necessary, in order to give Ruffin a perfect title to the land so purchased by him, that the power of attorney should be recorded at the *same time* with the deed to him.

Rosenthal *vs.* Ruffin.

The Act of 1856, codified in the Revised Code, sec. 28, Art. 44, provides that "every power of attorney, authorizing an agent or attorney to sell and convey any real estate, shall be attested and acknowledged in the same manner as a deed, and recorded with the deed executed in pursuance of such power of attorney." Prior to 1856 no provision was made by any existing law for the recording of a power of attorney to sell land, although the deed, made in pursuance thereof was required to be recorded. It was the manifest intention of that Act to supply that defect. It required the authority of the attorney to execute the deed to be placed on the record with the deed, for the preservation of the evidence that the person who executed the deed had power to do so, and was duly appointed for that purpose. The Act never contemplated that the power of attorney must be recorded *eo instanti* with the deed, but the term "with the deed" means upon the proper records of the city or county where the deed is recorded.

It may be recorded either at or before the recording of the deed. The power of attorney in the case before us was duly recorded before the deed, and we do not wish to be understood as intimating any opinion as to the effect of recording a power of attorney *after* the deed is recorded, as that case is not now before us. But when the power of attorney is once recorded, and reference is made in the deed to it, and the place where it is recorded, that is certainly a substantial compliance with the statute, and the decree in this case must therefore be affirmed.

*Decree affirmed.*

(Decided 20th June, 1883.)