JOSEPH McDIVIT *vs.* HARRY N. McDIVIT ET AL., ADMINISTRATORS.

*Defective Acknowledgment—Effect of Curative Act.*

The acknowledgment of a deed for property in Baltimore City, defective because the grantor's name did not appear therein, because it did not show whether it was taken by a justice of the peace or a notary public, and because it did not show whether the officer who took it was of Baltimore City, was validated by the Curative Act of 1924 (Code 1924, art. 21, sec. 87).

*Decided May 13th, 1925.*

Appeal from the Orphans' Court of Baltimore City.

Proceeding by Harry N. McDivit and John A. McDivit, administrators of James V. McDivit, deceased, for the sale of certain property. From an order ratifying and confirming a sale to one Joseph McDivit, the latter appeals. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*Seymour O'Brien,* for the appellant.

*William J. O'Brien* and *Louis B. Bernei,* for the appellees.

PATTISON, J., delivered the opinion of the Court.

The appeal in this case is from an order of the Orphans' Court of Baltimore City, finally ratifying and confirming a sale of a one-half undivided interest in certain leasehold property in said city, made on the 26th day of August, 1924, by the appellees as administrators of James V. McDivit.

The appellant, purchaser of said property, excepted to the sale, alleging that a good and marketable title to such property could not be acquired thereby, because, as stated by him, the acknowledgment of the deed by which James V. McDivit acquired such interest in the property, dated the 4th day of September, 1894, and recorded in the Land Records of Baltimore City, is defective because (1) the name of the grantor does not appear therein, and (2) it is not shown from the acknowledgment whether it was taken by a justice of the peace or notary public, and (3) that it is not shown thereby that the officer taking the acknowledgment was of Baltimore City or elsewhere.

The record contains the stipulation "that James V. Mc-Divit entered upon and took possession of the property described in the deed from John M. Herring to James V. Mc-Divit and Joseph McDivit, dated September 24th, 1894, and recorded among the Land Records of Baltimore City in Liber J. B. No. 1518, folio 540 etc. and that said property was in their possession up to the date of the death of the said James V. McDivit, March 31st, 1922, and has remained in the possession of said Joseph McDivit since that date, and is still in his possession."

It is claimed by the appellees that though the deed was insufficient to pass a good title to the property at the time of

its execution, because of its defective acknowledgment, it was thereafter validated by the Curative Act of 1924, chapter 431 (article 21, section 87, of the Code of Public General Laws of 1924), but if wrong in this contention the said James V. McDivit had at the time of his death, under the facts contained in the stipulations, a good and marketable title to said property resulting from his adversary possession of it.

The act named is as follows:

"All deeds * * * and all other conveyances of real and personal property or of any interest therein * * * acknowledged or recorded in the State subsequent to the passage of the Act of the General Assembly of Maryland, passed at its January session, 1858, chapter 208, which may not have been acknowledged according to the laws existing at the time of said acknowledgment, or which may not have been acknowledged before a proper officer, or when the certificate of acknowledgment is not in the prescribed form, or when the official character of the officer taking the acknowledgment is not set out in the body of the certificate, or has not been certified to as required by law, * * * shall be and the same are hereby made valid to all intent and purposes as if the conveyances * * * had been acknowledged, certified to, witnessed and sealed according to law; providing, the said deeds * * * are in other respects in conformity with the laws; provided, further, that nothing in this section shall affect the interest of *bona fide* purchasers or creditors, without notice, who may have become so previous to June 1st, 1924."

The last proviso in the law above quoted is not involved in the decision of this case, as no claim is made that any *bona fide* purchaser or creditor is affected thereby. We are, therefore, only to determine the meaning of the prior provisions of the statute and their effect upon the deed, and there can, we think, be no doubt as to their meaning or effect upon the deed in question.

The statute validates all deeds "which may not have been acknowledged, according to the laws existing at the time of said acknowledgment, or which may not have been acknowledged before a proper officer, or when a certificate of acknowledgment is not in the prescribed form, or when the official character of the officer taking the acknowledgment is not set out in the body of the certificate, or has not been certified to as required by law."

If the acknowledgment was defective because of the omission of the grantor's name therein, the language of the statute above quoted is certainly sufficiently comprehensive to cover such defect; and the other objections (1) that it does not appear in the acknowledgment whether the person taking it was a justice of the peace or notary public, and (2) that it fails to state that the officer taking it was of Baltimore City, are specifically covered by the provisions mentioned.

The deed, invalid at the time of its execution, because defectively acknowledged, was thereafter validated by the curative statute mentioned, and as said by Judge Boyd, speaking for this Court, in *Wingert v. Zeigler,* 91 Md. 106, "the power (of the Legislature) to pass such laws has been sustained over and over again by this Court and its predecessors." But if it were held that the statute mentioned did not have the effect we have stated, nevertheless, in our opinion, James V. McDivit had, upon the facts stated in the stipulation, a good and marketable title to said property resulting from his adversary possession of it.

From what we have said the order appealed from will be affirmed.

*Order affirmed, with costs.*