LEANDER C. JACKSON ET AL. *v.* COUNTY TRUST COMPANY

[No. 8, April Term, 1939.]

*Decided May 16th, 1939.*

506

 

The cause was argued before BOND, C. J., OFFUTT, PARKE, SLOAN, SHEHAN, and DELAPLAINE,'JJ.

*Marvin I. Anderson,* for the appellants.

*George E. Rullman,* for the appellee.

SLOAN, J., delivered the opinion of the Court.

This appeal is from an order overruling exceptions by the purchaser to a mortgagee's report of sale, and the ratification of the sale.

On March 31st, 1938, William L. Hughes executed a mortgage to the County Trust Company to secure the payment of $1500 and the interest thereon. Default having occurred, the mortgagee foreclosed and sold the mortgaged property to Leander C. Jackson and M. Gertude Jackson, his wife, appellants, for $2855, and reported the sale so made, to which the purchasers excepted on the ground that the mortgage was "null and void, except as between the parties, for the reason that no proper or sufficient affidavit is endorsed thereon, as required by Article 21, Sections 32, 33, and 34 of the Maryland Code of Public General Laws."

The mortgage was acknowledged by William L. Hughes before a Notary Public, who certified that, "* * * at the same time also appeared George E. Rullman, Attorney named in the foregoing mortgage, and made oath in due form of law that the consideration set forth in said mortgage is true and *bona fide* as therein set forth."

On April 16th, 1938, William L. Hughes executed another mortgage to the County Trust Company for $1000, followed by the entry of six judments, one of them in favor of Leander C. Jackson, appellant, for $1000.

Section 33, article 21, of the Code, provides that, "No mortgage shall be valid except as between the parties thereto, unless there be endorsed thereon an oath or affirmation of the mortgagee that the consideration in said mortgage is true and *bona fide* as therein set forth," and the succeeding section (34), that, "The affidavit required by the preceding section * * * may be made by any agent of a mortgagee; and when made by an agent he shall, in addition to the affidavit above mentioned, make affidavit, to be endorsed upon the mortgage, that he is the agent of the mortgagee or mortgagees, or some one of them; which affidavit shall be sufficient proof of such agency; and the president or other officer of a corporation, or the executor of the mortgagee may make such affidavit."

The appellants contend that, because of the failure of the mortgagee to comply with the statutory requirements with respect to the consideration for the mortgage, it is void as to the subsequent judgment creditors, as being without constructive notice of the mortgage, (*Cockey v. Milne's Lessee,* 16 Md. 200, 207) one of them, Leander C. Jackson, testifying that he did not have actual notice, and that therefore the mortgage is subordinated to his claim. While the other judgment creditors are not parties to this proceeding, what is said of Jackson's judgment would apply to theirs as well.

For their contention that the mortgage is invalid, except as between the parties, the appellants rely on the case of *Milholland v. Tiffany,* 64 Md. 455, 459, 2 A. 831, 833, where it was said that the mortgage under which the appellee claimed was "fatally defective" except as between the parties, because the affidavit of the agent did not conform with the statute. "The mere declaration on the part of the justice of the peace that he appeared before him as the agent of the appellee, cannot be construed as meaning that W. Gilmor Hoffman made oath that he was the agent; and, as the Code requires the agent to make this oath, such a certificate is not a substantial compliance with the statute." See *Phillips v.*

*Pearson,* 27 Md. 242, 256, in which it was said: "The act does not declare the mortgage shall be void, but that no mortgage shall be valid and effective, except as against the mortgagors or grantors, unless sanctioned by an affidavit."

The affidavit to the consideration in the mortgage cannot, therefore, be sustained, for the reason that the notary did not certify that the affiant had sworn that he was the agent of the mortgagee.

The appellee contends that the mortgage is valid, and the affidavit sufficient, on the authority of *Buck v. Gladfelter,* 122 Md. 34, 89 A. 317. In that case Charles D. Fenhagen, without any description or designation, had "* * * made oath in due form of law that the consideration set forth in said mortgage is true and *bona fide* as therein set forth." The mortgage foreclosed had been made to the Baltimore Trust Company. A subsequent mortgagee excepted to the report of sale. At the hearing evidence was received that James B. Fenhagen "was the secretary and treasurer of the mortgagee and that he made the affidavit as such officer and not in his individual capacity." The last clause of section 34 of article 21 of the Code, says "* * * the president, or other officer of a corporation * * * may make such affidavit." The court held that the provision that the affidavit when made by an agent, requiring him to "make affidavit, to be endorsed upon the mortgage, that he is agent of the mortgagee," did not apply to an officer of a corporation, and that extraneous evidence of his official capacity might be taken.

In the instant case, at the hearing of the exceptions there was evidence offered and received that George E. Rullman was, at the time of execution of the mortgage, "Attorney, Officer and Director," of the Annapolis Branch of the County Trust Company, mortgagee. As David S. Jenkins, a vice-president of the County Trust Company, who was the only one testifying for the appellee, said: "I would say he is an officer of the bank because he is a director."

The weakness of this contention is that a director is not an officer who may act alone for the corporation without specific authority; he is a member of a board, and his personal identity is lost in the action of the board; he can only speak by his vote at its meetings. Unless specially authorized by proper corporate authority he cannot bind or represent the corporation. 5 *Fletcher, Cyclopedia of Corporations,* 352; "A single director of a corporation [as such] has no power to act in a representative capacity for the corporation." *Kessel v. Murray,* 197 Iowa 17, 196 N.W. 591; 13 *Am.Jur.* 854, 909; *Shriver v. Carlin & Fulton Co.,* 155 Md. 51, 57, 141 A. 434. A director, therefore, unless personally directed so to do, is not authorized to make the affidavit. It would meet the requirements of the statute if any one made the affidavit that he was the agent of the mortgagee, and so endorsed on the mortgage, whether a director or any one else, but a director is not an officer of a corporation whose authority to make the affidavit may be shown by extraneous proof.

The mortgage, the validity of which is questioned, is, according to the terms of the statute, good as between the parties to it. While the affidavit required by the statute is wanting, it does convey to the mortgagee an equitable title, which may not be good against a subsequent purchaser without actual notice, but is superior to the lien of a later judgment. This rule was definitely adopted and the question settled in the case of *Dyson v. Simmons,* 48 Md. 207, 214, where it was said: "The principle is now so well settled, that it would seem to be beyond all question and controversy, that if a party makes a mortgage, or affects to make one, but it proves to be defective, by reason of some informality or omission, such as failure to record in due time, defective acknowledgment, or the like, though even by the omission of the mortgagee himself, as the instrument is at least evidence of an agreement to convey, the conscience of the mortgagor is bound, and it will be enforced by a court of equity. * * * As against the mortgagor

510

himself this proposition was never regarded as questionable (*Carson v. Phelps,* 40 Md. 73); but as against judgment creditors of the mortgagor, obtaining their judgments subsequent to the date of the mortgage, there was formerly some dispute. The question, however, both in England and this State, has long since been settled; and the cases, without an exception, so far as we are informed, hold that a judgment, being but a general lien, must be subordinated to the superior equity of a prior specific lien, created by a defective mortgage or conveyance. * * * At the time of the execution of this mortgage the mortgagor had full and complete power of conveying or charging the land, provided it was *bona fide* as against existing creditors, and the general principle is, that if a party has power to charge certain lands and agrees to charge them, in equity he has actually charged them; and a court of equity will enforce the charge. * * * And the fact that judgments have been subsequently recovered against the party agreeing to convey or charge the land, will in no manner defeat the right to have the agreement executed." The rule there so declared by this court has, fairly recently, been observed in *Groh v. Cohen,* 158 Md. 638, 149 A. 459, and *Caltrider v. Caples,* 160 Md. 392, 153 A. 445. See also *Hampson v. Edelen,* 2 H. & J. 64; *Brewer v. Herbert,* 30 Md. 301; *Hartsock v. Russell,* 52 Md. 619, 625; *Valentine v. Seiss,* 79 Md. 187, 28 A. 892; *Cramer v. Roderick,* 128 Md. 422, 98 A. 42; *Kinsey v. Drury,* 146 Md. 277, 126 A. 125; *Union Trust Co. v. Biggs,* 153 Md. 50, 137 A. 509.

In our opinion, on the authority of the cases here cited, the appellee had a good equitable lien, which has priority over subsequent judgments, and the order appealed from should be affirmed.

*Order affirmed, with costs.*