BERMAN ET AL. *v.* BERMAN, ADMINISTRATRIX, ET AL.

[No. 22, October Term, 1949.]

*Decided November 11, 1949.*

Before MARBURY, C. J., DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

Submitted on brief by *R. Lewis Bainder* for the appellants.

Submitted on brief by *Joseph Loeffler, Bernard J. Medairy* and *Harry E. Goertz* for the appellees.

GRASON, J., delivered the opinion of the Court.

On the 10th day of March, 1948, Meyer N. Berman signed and sealed a deed whereby he attempted to grant and convey unto Harry Berman and Bernard Berman nine leasehold lots, with improvements, in the City of Baltimore. The grantees in this pretended deed were his nephews, sons of his brother Jacob Berman.

Meyer N. Berman was then, and for many years had been married to Rae Berman. They were separated for many years. She lived in Front Royal, Virginia, and conducted a business; he resided in the City of Baltimore.

On the 9th day of June, 1948, Meyer N. Berman died, leaving a will in which he bequeathed all his personal property to his "estate", and Rae Berman, his wife, was appointed Administratrix c. t. a. of his estate by the Orphans' Court of Baltimore City. This pretended deed was never acknowledged and recorded. The wife of the deceased and his brother Jacob are the nearest kin of Meyer N. Berman, deceased.

On January 21, 1949, Harry Berman and Bernard Berman filed an amended bill of complaint in the Circuit

Court No. 2 of Baltimore City against Rae Berman, individually, and as administratrix c. t. a. of the estate of Meyer N. Berman, and Jacob Berman. After stating the facts previously related, the amended bill recited that Maxwell Weinberg witnessed the so-called deed and that on the day it was signed and sealed Meyer N. Berman delivered the same to Harry Berman and Bernard Berman and declared it to be an absolute gift of the nine leasehold properties it purported to convey. It is further alleged "that the gift of the leasehold properties by the late Meyer N. Berman to the said Harry Berman and Bernard Berman was an immediate gratuitous, voluntary and unconditional transfer of all interest of the said Meyer N. Berman in said properties with no power of revocation by the donor or a revesting of any estate in said properties to the donor".

The amended bill prays: a. A decree declaring the deed aforesaid to be an absolute and irrevocable gift of the lots therein described, whereby title in said leasehold properties became vested in the plaintiffs; b. that Rae Berman, administratrix c. t. a., account for the rents and profits received by her from the above described lots of ground; and c. for further relief.

To this amended bill of complaint Rae Berman, individually, filed a demurrer, and also filed a demurrer as administratrix c. t. a. of the estate of Meyer N. Berman, deceased. Counsel for the plaintiffs told the court that the plaintiffs did not desire to plead further, and the court passed a decree dismissing the first amended bill of complaint, with costs to the defendants. From this decree the case comes here on appeal.

The appellants contend that notwithstanding the grantor in the deed did not acknowledge the same to be his act before an officer authorized by law to take such an acknowledgement, nevertheless he did sign and seal the deed and his signature was witnessed, and on the same day that this was done he handed it to the appellants in the presence of a family gathering and declared that it was his intention to give these nine leasehold

properties to them. This, they contend, constitutes a delivery of said properties, and all dominion and control over the properties, by the grantor, was relinquished, and title to the same became vested in the appellants. This argument is made notwithstanding that the conveyance was purely voluntary, for the appellants state in their amended bill that the conveyance was "an immediate gratuitous, voluntary and unconditional transfer of all interest" of the grantor in said properties, "with no power of revocation by the donor or a revesting of any interest in said properties to the donor."

There is no allegation in the amended bill of complaint that the appellants took possession of these properties under the pretended deed, or that they ever spent any money on the same for improvements or repairs; but, on the contrary, they pray for an accounting by the administratrix of the rents and profits which she received as such from said properties. This presupposes that the administratrix was and now is in possession of these leasehold properties.

This is not a case where property was given by a donor and the donee was induced thereby to enter and take possession thereof and spend large sums of money for repairs and improvements thereon; neither does this case involve a gift such as money in bank, or movable personal property, where the law does not require a deed to be "executed, acknowledged and recorded". Cases which involve gifts of deposits in bank, or movable personal property, are not applicable to a case like this. This case pertains to immovable chattels real, and relates to an interest in real estate.

The appellants cite the case of *Cox v. Hill et al.*, 6 Md. 274. This is the only case cited on their brief to support their theory that the facts alleged make out a case of a gift. It did not deal with leasehold property. The subject of that case was to whom the maker of a single bill was to pay the obligation evidenced thereby; and a single bill does not have to be "executed, acknowledged and recorded".

In *Polk v. Reynolds,* 31 Md. 106, the court had before it a proceeding to quiet title to property. The property was leasehold property, subject to a mortgage which was overdue. This property was sold at a tax sale to Polk and a deed was given to him for the same by the official making the tax sale. The court declared the tax sale void. Polk and one Hamilton made a verbal agreement regarding the holding of the leasehold estate by the former, and Hamilton relinquished the mortgage thereon, upon the assumption that the leasehold interest had been surrendered to him. The court held that this assumption was not warranted by the proof in the case. It then said: "But if it were conceded that such surrender had taken place, the agreement set up by the appellants, to say nothing of the question as to the sufficiency of the consideration upon which it was founded, is clearly not only within the Statute of Frauds, but null and ineffectual by our registry law. * * * No interest in or concerning land, for a term exceeding seven years, could be transferred otherwise than in the mode prescribed by statute, and no act in pais was competent to that purpose."

In the case of *Black et al. v. Cord,* 2 Har. & G. 78, side page 100, John Cord executed, under his hand and seal, the following: "This obligation obliges me to give Henry Cord, or his heirs or assigns, the one moiety or half of fifty acres of land, being part of a tract of land called The Mistake, * * *; and also the one moiety or half of a tract of land called Hickory Bottom, * * *. This instrument of writing to be binding on me, my heirs and assigns, for the true performance of the same."

Henry Cord entered and took possession of the property, which "was much improved by his skillful and judicious mode of cultivation, and that John Cord frequently said he had given him one-half of it; but there is no evidence of any consideration moving from Henry. He paid nothing for it, and it does not appear that he put any improvements upon the land. And its improved condition, arising from his skillful cultivation of it, was

to his own advantage, having occupied the whole sixty acres, (with no pretence of claim to more than a moiety,) and enjoyed all the fruits of his own good management. It was a mere voluntary covenant or agreement, therefore, on the part of John Cord, and we can discover nothing in the record to entitle Henry Cord to a moiety of the proceeds of sale, * * *."

The sixty acres were sold and Henry Cord claimed one-half of the purchase price, which the court denied. In that case there was no consideration moving from Henry to John Cord, and in the case at bar there was no consideration moving from the grantees to the grantor in the pretended deed.

Article 21, section 1, Code 1939, provides: "No estate of inheritance or freehold, or any declaration or limitation of use, or any estate above seven years, shall pass or take effect unless the deed conveying the same shall be executed, acknowledged and recorded as herein provided; and all such deeds shall be acknowledged before some one of the officers named in sections three, four, five and six of this article, * * *."

Section 10 of this article provides what deeds conveying real estate shall contain, "if executed, acknowledged and recorded as herein required".

Section 15 of said article provides: "Every deed of real property, when acknowledged and recorded as herein directed, shall take effect as between the parties thereto from its date."

These sections are plain and unambiguous. This case comes within the terms of said article, and as the purported deed was not acknowledged and recorded as therein required, no title to the nine pieces of leasehold property mentioned and described therein passed or took effect.

Regarding an option to purchase land this court said: "The option agreement was not acknowledged and therefore was not entitled to be recorded. The recording of it, therefore, gave no constructive notice." *Clarke v.*

*Brunk,* 189 Md. 353, 360, 55 A. 2d 919, 922; see *Schultz v. Kaplan,* 189 Md. 402, 415-416, 56 A. 2d 17, at page 23.

There can be no delivery to effectuate a gift if the written instrument relied on to evidence the gift is void, even though at the time of the delivery of the void instrument the donor proclaims his intention to effectuate a gift. Under the circumstances in this case the deed in question, which was not acknowledged and recorded, was void and passed no title to the appellants.

*Decree affirmed, with costs.*