LUBIN ET AL. *v.* KLEIN ET UX.

[No. 331, September Term, 1962.]

*Decided July 31, 1963.*

The cause was argued before BRUNE, C. J., and HENDERSON PRESCOTT, MARBURY and SYBERT, JJ.

*Cullen H. Hormes* and *William R. Buchanan,* for appellants.

*Jack L. Grossman,* with whom were *Weinberg & Green,* on the brief for appellees.

Sybert, J., delivered the opinion of the Court.

This case involves the priority of claims made for the proceeds from a foreclosure sale of real estate which had been mortgaged by Max Frohwirth and Pnina Frohwirth, his wife. After the foreclosure sale, the auditor distributed funds sufficient to satisfy first and second mortgages (which are not involved in this appeal), and then distributed the balance of the proceeds—$2,356.12—to the appellants, Libby Lubin and Gilbert Lubin, who held a third mortgage on the property. The appellees, Joseph Klein and wife, who were judgment creditors of the mortgagors, filed exceptions to the auditor's account. Judge Raine, in the Circuit Court for Baltimore County, sustained the Kleins' exceptions and ordered the $2,356.12 applied on their judgment. The Lubins appealed from the order.

The record shows that on November 3, 1961 one Morris Frohwirth, acting as attorney-in-fact for Max and Pnina Frohwirth, executed the appellants' mortgage pursuant to a general power of attorney given to him on October 31, 1961 and recorded on November 6, 1961. The mortgage was recorded on December 4, 1961. The controversy now before us arises because of the fact that the power of attorney was not acknowledged as is required by Code (1957), Art. 21, Sec. 23, of powers of attorney which authorize the sale and conveyance of real estate.

The Kleins, appellees, filed an original attachment proceeding on December 1, 1961 against Max and Pnina Frohwirth as absconding debtors and caused the writ of attachment to be posted on their property on the same day. They obtained final judgment against the Frohwirths on July 6, 1962 and filed it as a claim in the foreclosure proceedings.

The appellees contend that in the absence of any acknowledgment on the power of attorney the mortgage executed pursuant thereto is unenforceable both at law and in equity, and that they, as judgment creditors, are entitled to the balance of the foreclosure funds. On the other hand, the appellants, while conceding that the power of attorney is defective at law because it lacks the required acknowledgment, contend that their mortgage is nevertheless entitled to priority over the subse-

quent judgment lien of the appellees on the theory that it is an equitable mortgage.[1]

It is well settled in this State, since *Dyson v. Simmons,* 48 Md. 207 (1878), that generally where an instrument intended to operate as a mortgage fails as a legal mortgage because of some defect or infirmity in its execution, an equitable mortgage may be recognized, with priority over judgments subsequently obtained. See also *Jackson v. County Trust Co.,* 176 Md. 505, 6 A. 2d 380 (1939) ; *Western Bank v. Union Bank,* 91 Md. 613, 46 Atl. 960 (1900) ; cf. *Berman v. Berman,* 193 Md. 614, 69 A. 2d 271 (1949). The theory underlying the equitable mortgage doctrine is that an instrument which is intended to charge certain lands, even though defectively executed, is nevertheless considered to be evidence of an agreement to convey, and a court of equity should enforce the obligation despite the technical defects in the instrument.

The case before us is not one, however, where the defect complained of occurred in the mortgage itself. It occurred rather in the document which sought to invest the attorney-in-fact with power to execute the mortgage. The reasoning in *Jackson v. County Trust Co., supra,* recognizes power to convey or charge the land as a condition precedent to the invocation of the equitable mortgage doctrine. In that case, in which a mortgage executed without an affidavit of consideration was held to be an equitable mortgage and given priority over a subsequent judgment lien, the Court quoted from *Dyson v. Simmons, supra* (at p. 510 of 176 Md.) :

> "* * * At the time of the execution of this mortgage the *mortgagor had full and complete power of conveying or charging the land* * * * and the general

---

1. No arguments were presented with respect to the effect, if any, of the Curative Acts on the power of attorney here involved, and therefore this question will not be considered. See Code (1962 Cum. Supp.), Art. 21, Sec. 99; Grove v. Todd, 41 Md. 633 (1875); Slice v. Carozza Prop. Inc., 215 Md. 357, 137 A. 2d 687 (1958); 1 Am. Jur. 2d, Acknowledgments, Secs. 112, et seq. See also 12 Md. L. Rev. 166, 172; 1 C.J.S. Acknowledgments, Sec. 120(1)(3).

principle is, that if a party has power to charge certain lands and agrees to charge them, in equity he has actually charged them; and a court of equity will enforce the charge.* * * (Emphasis supplied.)

This language, when considered in conjunction with the case of *Citizens' Fire Insurance etc. v. Doll,* 35 Md. 89 (1872), leaves little doubt that the equitable mortgage doctrine must be limited to situations where the person who executed the mortgage had the legal power to do so, and cannot be extended to cure mortgages which have been executed by persons with no *legal* authority. In the *Doll* case a party brought an action at law against an insurance company to recover for a fire loss. In an effort to prove that the property was owned by him, the plaintiff proffered a deed purporting to convey it to him. However, the deed was not executed by the previous owner, but by a third person allegedly acting under a power of attorney from the owner. The power of attorney was not produced, nor was it recorded among the land records, but the trial court nevertheless admitted the deed in evidence. On appeal this Court said (at p. 103 of 35 Md.) :

"* * * unless the powers of attorney referred to were so attested, *acknowledged* and recorded, the deed is of no validity. It is only by the power of attorney that the real owner is connected with the conveyance, and it is by and through the medium of such power that title is transferred. The deed of itself is without operation, and the recitals in it can prove nothing either as against the real owner or third persons. The Court was in error, therefore, in admitting the deed in evidence." (Emphasis supplied.)

See also *Smith v. Bowes,* 38 Md. 463 (1873).

Since a defectively executed mortgage can be recognized as an equitable mortgage only when the party who executed it had the power to charge the land, and there is no such power in a person acting under an unacknowledged power of attorney, we think that Judge Raine was correct in his conclusion that the mortgage in this case was void (except as between the

parties) and did not create an equitable lien on the property. As Judge Raine said, "* * * A mortgage created by an attorney-in-fact acting under a power that does not comply with the statute is no different in principle than a mortgage that is left unsigned by the mortgagor, and an unsigned mortgage should not be considered as sufficient evidence of an agreement to charge the land.* * *"

Appellees also argued that the mortgage was defective because the power of attorney was not recorded until after the execution of the mortgage. However, in light of our holding, this issue need not be considered. See *Rosenthal v. Ruffin,* 60 Md. 324 (1883) and Anno. 114 A.L.R. 660.

*Order affirmed; costs to be paid*
*by appellants.*