**MERCHANTS MORTGAGE COMPANY**

v.

**C. Warren BOGAN, Appellant,**
**Margaretta C. Bogan.**

**No. 22851.**

United States Court of Appeals,
District of Columbia Circuit.

Argued March 6, 1970.

Decided May 20, 1970.

Mr. Harry L. Ryan, Jr., Washington, D. C., for appellant.

Mr. Mark P. Friedlander, Washington, D. C., for appellee.

Before TAMM, LEVENTHAL and MacKINNON, Circuit Judges.

MacKINNON, Circuit Judge:

Merchants Mortgage Company (Merchants) made a loan to Oak Hill Farms, Inc., a Maryland corporation, secured by a mortgage on about 2.7582 acres of land in Prince George's County, Maryland, for $135,000. The mortgage was executed in Maryland by the appellant, C. Warren Bogan, as Vice President of Oak Hill Farms, Inc., and Bogan and his wife at the same time also signed in Maryland a separate, written "guarantee" for payment of the mortgage. By the terms of the guarantee, Bogan agreed to pay the principal sum of the mortgage and interest thereon, and he agreed to be bound by the covenants, terms and conditions of the mortgage. The guarantee expressly provides that it would be construed in accordance with Maryland law. During the life of the mortgage, Bogan made several interest payments out of $10,000 which had been provided by the corporation for such purpose. Bogan is a consulting engineer, and he apparently believed his involvement with Oak Hill would create business for him. He had no money invested in the corporation, and he learned he was in fact the Vice President of Oak Hill on the very day he signed the mortgage and guarantee at issue in this case, but his involvement had some degree of premeditation as his wife joined in executing the guarantee. Also, since he was making the interest payments out of corporate funds, he was aware that the money allocated to interest had run out and that interest was no longer being paid. Upon default, the mortgage was foreclosed, the sale of the property for $100,000 ratified and confirmed, and on July 26, 1965 the auditor's report showing an unpaid balance of $21,822.15 on the debt after application of the proceeds of the foreclosure sale, was finally ratified and confirmed by the Circuit Court for Prince George's County, Maryland, in Equity. The appellant was not given formal notice of the foreclosure proceeding. Subsquent thereto, Merchants sued Bogan in the United States District Court for the District of Columbia on the guarantee for $21,822.15 plus interest, and the District Court entered judgment for such amount.

One of the findings of fact of the trial court was that neither the mortgage nor the guarantee were properly acknowledged. Bogan, however, did sign both documents. Appellant asserts that the defects in the execution of the mortgage invalidate it. It is conceded that Maryland law controls this action, and in Maryland a defective acknowledg-

ment does not void the document as between the parties. The agreement in such case creates an equitable mortgage on the land. The recent Maryland Court of Appeals decision in Adams v. Avirett, 252 Md. 566, 250 A.2d 891 (1969) traces the history and current law and decides:

> The law of Maryland is therefore that where one who has the right and power to do so intends by a writing to create a lien on his land to secure another but fails to create a statutorily valid security instrument, his expressed intention may be enforced in equity by the other party to the instrument. 252 Md. 571, 250 A.2d 893.

Dyson v. Simmons, 48 Md. 207, 214 (1878) is an early case in that jurisdiction to the same effect. *See also* Lubin v. Klein, 232 Md. 369, 193 A.2d 46 (1963). Therefore, the mortgage and guarantee were properly admitted under an equitable theory.

■ The Curative Acts of Maryland would also validate the mortgage against such defects, and thus authorize its admission into evidence. The mortgage, according to the stamps thereon, was recorded in Liber 2944 page 229 on February 28, 1964. General Curative Acts validating mortgages for defective acknowledgment were enacted in Ch. 181 of the Md.Laws of 1964, Ch. 228 of the Md.Laws of 1967 and Ch. 138 of the Md.Laws of 1969. These laws validated documents executed prior to their respective effective dates of June 1, 1964; June 30, 1968 and July 1, 1969, Ann.Code of Md. Art. 21 § 99 (Supp.1969). Since recording requirements are statutorily imposed their requirements may be altered by statute and the documents validated. *See* McDivit v. McDivit, 148 Md. 271, 129 A. 291 (1925), applying the curative act.

The second question raised concerns the effect to be given to the Maryland foreclosure proceeding as to the amount of the deficiency. No question is raised as to the adequacy of the foreclosure proceedings, but Bogan argues that the foreclosure proceedings in Prince George's County, Maryland, are not binding on him, since he was not a party to the action. As a matter of equity, such a claim would seem spurious, since Bogan was the very individual who dealt with Merchants, signed the mortgage and paid all the interest installments that were actually made. When the $10,000 allocated for interest was exhausted, Bogan was the first to know the mortgage was going into default, since he had control over the fund. Notwithstanding the realities of the situation, it is true that the appellant was not an actual party to the foreclosure proceedings. Therefore, some examination of the effect of the Maryland judgment must be made.

■ We note that the guarantee itself uses the same total amount of money as the mortgage, i. e., $135,000, and it is made subject to the terms, covenants and conditions of the mortgage. The guarantee clearly looks to the mortgage as to the measure of liability subsumed within it. As a general proposition under Maryland law, the guarantor of a mortgage, in the absence of fraud, accident or mistake, is bound by the amount of the deficiency judgment on the foreclosure proceeding. Walton v. Washington County Hospital Ass'n, 178 Md. 446, 451, 13 A.2d 627, 629 (1949). *See also* Jacobson, Jr., Inc., v. Chapline, 253 Md. 70, 73, 251 A.2d 604, 605 (1969).

■ However, Bogan is in a somewhat different posture than the guarantor in *Walton*, since Bogan did not have actual notice of the foreclosure proceeding. Yet, the tenor of the guarantee here is absolute and unconditional; and an absolute guarantor in Maryland has no right to notice of default. Booth v. Irving Nat'l Exch. Bank, 116 Md. 668, 674, 82 A. 652, 654 (1911); *see also* Steinberg v. Gonzales, 215 Md. 100, 104, 135 A.2d 631, 632 (1957); Continental Oil Co. v. Horsey, 175 Md. 609, 614, 3 A.2d 476, 478 (1939). An absolute guarantor is one who is obligated without any condition precedent. Hodgson v. Burroughs, 175 Md. 413, 424, 2 A.2d

407, 412 (1938). There is no condition precedent in the guarantee between Merchants and Bogan:

> * * * MERCHANTS MORTGAGE COMPANY * * * need not exhaust nor pursue all or any of its or their remedies under said Mortgage before MERCHANTS MORTGAGE COMPANY, its successors and assigns, will be entitled to pursue its remedies against us jointly or individually. * * * (App. p. 80)

Therefore, Bogan was an absolute guarantor and as such he did not have to be notified of the default; but this is not dispositive of the question as to whether the foreclosure judgment was *res judicata* in the suit on the guarantee. However, it is not necessary to delve into the niceties of the binding effect of the Maryland judgment. We only need to pass on the propriety of admission into evidence of the foreclosure judgment. There are two early Maryland cases holding that a confession of judgment is not binding upon a surety, but even such judgment was held to be *prima facie* evidence. Kearney v. Sascer, 37 Md. 264, 282 (1872), and Iglehart v. State, 2 Gill & J 235, 245 (Md.1830). In Drummond v. Prestman, 25 U.S. (12 Wheat.) 515, 520, 6 L.Ed. 712 (1827), on error from the Circuit Court of Maryland, the United States Supreme Court considered whether a record of judgment confessed by a principal is properly admitted into evidence in an action upon a guarantee. *Dicta* in the case states that the judgment was properly admitted as *prima facie* evidence. We hold that admission of the Maryland judgment *as evidence* was proper. There might conceivably be a case where the lack of notice to a guarantor would so prejudice him that full binding effect could not be given to the judgment as against him. Appellant had an opportunity to present evidence to the trial court to counter the deficiency computation. Therefore, full *res judicata* effect was not given here, and it does not appear from the record that there was any error in the effect given the Maryland judgment.

Appellant's final argument is that his liability as guarantor should be limited by his plea of usury. It is not questioned that the loan would be usurious in Maryland, if made to an individual. The Maryland usury law at the time this loan was made provided that the legal rate of interest was 6 per cent per annum, Md.Laws of 1832, ch. 152 (compare present law: Ann.Code of Md. Art. 49 §§ 1–11 (Supp.1969), Md.Laws of 1968, ch. 453). The interest rate of 6 per cent per annum here was payable in advance which could not be done "in the case of loans secured by a mortgage * * *." Md.Laws of 1963, ch. 871, Ann.Code of Md., Art. 49 § 1A (1957). Therefore, the loan was usurious because it was made on mortgaged land with interest paid in advance. Secondly, the loan included a commission of $16,000 which was deducted by the lender's attorney from the amount loaned, and an additional charge of that nature is usurious. Real Estate Trustees, Inc. v. Lentz, 153 Md. 624, 139 A. 351 (1927); Brenner v. Plitt, 182 Md. 348, 356, 34 A.2d 853, 857 (1943).

However, the fact that the loan if made to an individual would be usurious is without effect here. A corporation in Maryland is prohibited from pleading usury by statute. Md.Laws of 1951, ch. 135 § 121, Ann.Code of Md. Art. 23 § 125 (1957): "No corporation shall interpose the defense of usury in any action." Maryland decisional law also holds that an individual guarantor is bound by the corporation's inability to plead usury. Reamer v. Kessler, 233 Md. 311, 319, 196 A.2d 896, 901 (1964); Rabinowich v. Eliasberg, 159 Md. 655, 659–661, 152 A. 437, 439 (1930); Carozza v. Federal Finance Credit Co., 149 Md. 223, 243–244, 251, 131 A. 332, 340, 342 (1925); Penrose v. Canton Nat'l Bank, 147 Md. 200, 207, 127 A. 852, 856 (1925). Bogan here guaranteed the corporation's obligation; therefore his liability is for the full amount of the loan irrespective of the fact that the loan would be usurious if made to an individual.

Therefore, Bogan is required to pay the deficiency remaining, after the foreclosure sale. The judgment of the District Court is

Affirmed.